104   783
105   537

104   783
107   272

# Richmond.

## HOOVER AND OTHERS v. SAUNDERS.

### January 18, 1906.

1. STATUTES—*Construction.*—In construing a statute it must be viewed as a whole, so as to make all of its parts harmonize, if practicable, and give a sensible and intelligent effect to each. It is not to be presumed that the Legislature intended any part of a statute to be without meaning.

2. BILLS OF EXCEPTION—*When to be Signed—Code, 1904, Sec. 3385.*— Under the provisions of Section 3385 of the Code of 1904, in the absence of any agreement between the parties, bills of exception can only be signed during the term at which the opinion of the court is announced to which exception is taken, or in the immediately succeeding vacation within thirty days after the end of that term. They cannot be signed during a succeeding term, nor during any other vacation than that immediately succeeding the term at which the objectionable opinion was announced. The beginning of a new term, although within the thirty days, puts an end to the court's jurisdiction to sign such bills.

Error to a judgment of the Corporation Court of the city of Newport News, in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Writ of error dismissed.*

There was no agreement, of record, between the parties as to the time within which bills of exception might be signed.

*O. D. Batchelor* and *W. R. Perkins,* for the plaintiffs in error.

*Jeffries & Lawless,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

We are met at the threshold of this case with a question of jurisdiction.

The term of the Corporation Court of the city of Newport News, at which the final judgment complained of was rendered, adjourned on December 10, 1904. At that term certain exceptions were taken to the opinions of the court. The next succeeding term of the court began its session on December 12, 1904. The bills of exception, which were taken during the term at which the judgment was rendered, were not signed until January 7, 1905, which was during the vacation following the last mentioned term, which began on the 12th day of the preceding December.

Formerly, after the judgment became final by the adjournment of the court, jurisdiction over the case was lost, and with it the power of the court to sign the bills of exception. This rule was changed by statute approved December 31, 1903, which, so far as necessary to be quoted, is as follows:

"*Any bill of exceptions may be tendered to the judge, and signed by him, either during the term at which the opinion of the court is announced, to which exception is taken, or in vacation, within thirty days after the end of such term, or at such other time as the parties, by consent entered of record, may agree upon, and any bill of exceptions so tendered, and signed by the judge as aforesaid, either in term-time or vacation, shall be a part of the record of the case.*" Va. Code, 1904, sec. 3385.

The plaintiff in error insists that the power to sign the bills of exception is not limited to the period of the vacation immediately following the term at which the final judgment was rendered, but it is by the terms of the statute extended to a period

of thirty days after the end of such term.    This construction
would eliminate from the statute entirely the words "in vaca-
tion" and make it read, "Any bill of exceptions may be ten-
dered to the judge, and signed by him, either during the term
or within thirty days after the end of such term," etc.

If the Legislature had intended that the exceptant should
have thirty days after the adjournment of the term, at which
the final judgment was rendered, in which to have his bills of
exception signed, although the vacation following such term did
not last for thirty days, its purpose could have been easily accom-
plished, as already seen, by omitting from the statute the words
"in vacation."    Upon well settled principles, we are not at
liberty to deal with the statute in the manner indicated.    It is
a familiar canon of construction that every part of an act must
be given effect if it be possible.    A statute must be viewed in
connection with the whole, so as to make all of its parts har-
monize, if practicable, and give a sensible, intelligent effect to
each.    It is not to be presumed that the Legislature intended
any part of a statute to be without meaning.    On the contrary,
the presumption is, as well on the ground of good faith as on
the ground that the Legislature would not do a vain thing, that
it intends its acts and every part of them to be valid and capa-
ble of being carried into effect.    Sutherland on Stat. Constr.,
ss. 325-331; Dwarris on Stat. Constr., pp. 188-189, 271; *Fox
v. Com'th.,* 16 Gratt. 1; *Life Ins. Co.* v. *Cogbill,* 30 Gratt.
72-81.

It is clear from the statute that when the term has ended at
which the final judgment was rendered, without the bills of
exception being signed, such bills cannot then be signed except
in vacation.    This is imperative.    The language of the statute
is, "either during the term at which the opinion of the court
is announced, to which exception is taken, *or in vacation,* within
thirty days after the end of *such term."* The words "such term"
clearly refer to the term at which the opinion was announced.
Under the statute there are two limitations upon the time in

which the bills of exception can be signed: First, it must be
in vacation; and, second, it must be not later than thirty days
after the adjournment of the term at which the opinion excepted
to was announced. With most of our courts the vacations last
longer than thirty days, and the purpose of the Legislature evi-
dently was, where that was the case, to limit the time to thirty
days; but in every case to limit the time in which bills of excep-
tion could be signed to the vacation following the term at which
the final judgment was rendered.

The plaintiff in error seems to concede that the bills of ex-
ception can only be signed *in vacation,* after the adjournment of
the term at which the opinion excepted to was announced, but
contends that inasmuch as the signing in this case was within
the thirty days limit the requirement of the statute is met, not-
withstanding the fact that the signing was done during the
vacation following the second term, which began December 12,
1904.

If this position were sound, the judge could, under the statute,
notwithstanding the intervention of another term, sign the bill
of exceptions during the vacation following such second term, or
following any succeeding term, until thirty days had elapsed.
As said by the learned counsel for the defendant in error, the
court, as in this case, would have jurisdiction to sign the bills
of exception for the first four or five days after it adjourned,
then lose that jurisdiction during the succeeding term, and then,
by the adjournment of that term regain its jurisdiction, have the
case again in its breast, with the power to sign bills of excep-
tion restored, for the next five or six days, then lose jurisdiction
again when another term began, and so on from term to term
until thirty days had been accomplished. It can hardly be sup-
posed that the Legislature intended such a result, or intended
to suspend the benefits of the judgment thus indefinitely, while
the judgment debtor was dallying with the question whether or
not he would perfect his bills of exception.

We are of opinion that the statute gives the court power to

Opinion.

retain the case for the purpose of signing bills of exception during the vacation immediately following the term at which the opinion excepted to was announced, and for thirty days after the adjournment of *such term,* if the vacation should last that long; but that the beginning of a new term, although within the thirty days, puts an end to the court's jurisdiction for that purpose, and it cannot afterwards be resumed.

It follows from what has been said that the Corporation Court of the city of Newport News was without jurisdiction to sign the bills of exception in this case after entering upon the new term which began December 12, 1904. The bills of exception are, therefore, not properly a part of the record before us, and for this reason the writ of error must be dismissed as improvidently awarded.

*Dismissed.*