13 N.J. Super. 96 (1951)
80 A.2d 134
JOSEPH CLIFFORD, ADMINISTRATOR AD PROS. OF THE ESTATE OF JANE VALERIE CLIFFORD, DECEASED, PLAINTIFFS,
v.
SADIE McCLOSKEY AND HARRY McCLOSKEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 3, 1951.
*97 Mr. James M. Davis, Jr., attorney for plaintiffs.
Mr. Harold T. Parker for defendants (Messrs. Parker, McCay & Criscuolo, attorneys).
DONGES, J.S.C.
This matter is before this court on defendants' motion for a new trial as to damages only on the ground that the verdict rendered was excessive.
The case involved the death of a six-year-old girl who was killed when run over by defendants' bus. At the conclusion of the testimony, the case was submitted to the jury which returned a verdict in favor of plaintiff in the sum of $5,000. The testimony showed that the girl left surviving her a mother, father, sister and a brother who was born subsequent to the girl's death.
Defendants, in their brief, cite a number of cases in which verdicts were rendered in the case of a minor, not a prodigy. The accepted damages in these cases appear to be somewhat lower than the verdict in the instant case, although not markedly lower. A thorough examination of these cases discloses that these cases were decided in the years when the purchasing power of the dollar was greater than it is today.
In more recent cases such as McStay v. Przychocki, 9 N.J. Super. 365 (Law Div. 1950), affirmed 10 N.J. Super. 455 (App. Div. 1950), our courts have made allowance for the fluctuation in the value of the dollar, with the changing economic trends in recent years. It may well be that the jury considered the deflated value of the dollar. Judicial notice thereof may be properly taken and the jury, in the exercise *98 of its judgment, could have properly considered it in assessing the damages against defendant. In these days of the high cost of living and consequent decrease in the purchasing power of the dollar, one cannot well overlook or ignore the effect of such economic conditions when called upon to determine, as the jury did here, the amount of damages. Nusser v. United Parcel Service of New York, 3 N.J. Super. 64 (App. Div. 1949).
In estimating the amount of injury to the next of kin, the jury should, and doubtless did, consider the various probabilities, which in the course of years, might determine the pecuniary advantages which would accrue to the next of kin, if this young girl had not been killed: the normal life expectancy of the decedent, her physical, mental and moral characteristics, her likely earnings and many more prospective advantages.
Under the circumstances of the present case, although the verdict may be high, it is not so excessive as to justify the implication that it was the result of mistake, partiality, passion or prejudice, and, therefore, I do not feel that I can substitute my judgment for that of the jury.
The motion is denied.