## Richmond

H. P. JOHNS, ET AL., ADMINISTRATORS, ETC. v. BLUE RIDGE TRANSFER COMPANY, INCORPORATED, ET AL.

April 26, 1957.

Record No. 4675.

Present, Hudgins, C. J., and Eggleston, Buchanan, Miller, Whittle and Snead, JJ.

The opinion states the case.

*John D. Butzner, Jr. (J. B. Hudson, Jr.; J. L. Fray; Butzner & Hicks; Fray & Hudson,* on brief), for the plaintiffs in error.

*G. Kenneth Miller (John G. May, Jr.; Robert Button; May, May & Garrett; Hiden, Bickers & Button,* on brief), for the defendants in error.

MILLER, J., delivered the opinion of the court.

H. P. Johns and J. L. Fray, administrators of Harvey Howard Rosson, hereinafter called plaintiffs, instituted action under § 8-633,

Code 1950, and cognate sections, commonly called the death by wrongful act statute, against Nelson Fred Lundy, and Blue Ridge Transfer Company, Incorporated, hereinafter called Blue Ridge. They alleged that their decedent was killed by the negligence of Lundy while acting as the agent of defendant corporation.

The pertinent parts of the death by wrongful act statute appear in the margin.[1]

Blue Ridge and Lundy interposed a special plea to the motion for judgment and the facts being undisputed, the issue presented was submitted to the court for decision. The plea was sustained and judgment entered for Lundy and Blue Ridge, and from that judgment we granted plaintiffs an appeal.

Briefly stated, these uncontradicted facts appear from the pleadings and present the legal issue: Lee Franklin Rosson, his wife, Margaret Helen Rosson, and their only child, Harvey Howard Rosson, were killed when an automobile in which they were riding collided with a

---

[1] § 8-633. "Whenever the death of a person shall be caused by the wrongful act, * * * of any person * * *, and the act, * * * is such as would, if death had not ensued, have entitled the party injured to maintain an action, * * *, then, and in every such case, the person who, * * * would have been liable, if death had not ensued shall be liable to an action for damages, * * * and although the death shall have been caused under such circumstances, as amount in law to a felony. * * *"

§ 8-634. "Every such action shall be brought by and in the name of the personal representative of such deceased person * * *."

§ 8-636. "The jury in any such action may award such damages as to it may seem fair and just, not exceeding twenty five thousand dollars, and may direct in what proportion they shall be distributed to the surviving widow or husband and children and grandchildren of the deceased, or if there be none such, then to the parents, brothers and sisters of the deceased. Nothing shall be apportioned to the parents, brothers and sisters of the deceased, if there be a surviving widow or husband, children or grandchildren, but between members of the same class the jury shall have absolute discretion as to who shall receive the whole or any part of the recovery."

§ 8-638. "The verdict, if there be one, and the judgment of the court shall in all cases specify the amount or the proportion to be received by each of the beneficiaries, if any such there be. * * * The amount recovered in any such action shall be paid to the personal representative and after the payment of costs and reasonable attorney's fees shall be distributed by such personal representative to the surviving wife, husband, child and grandchild of the decedent, or, if there be no such wife, husband, child or grandchild, then to the parents, brothers and sisters of the decedent, in such proportions as has been ascertained by the judgment of the court, and shall be free from all debts and liabilities of the deceased; but if there be no such wife, husband, child, grandchild, parent, brother or sister, the amount so received shall be assets in the hands of the personal representative to be disposed of according to law. This and Section 8-636 are subject to this proviso: When the decedent has left a widowed mother and also a widow, or widower, but no child or grandchild the amount recovered shall be divided between the mother and the widow or widower as the case may be in such portions as the jury or court may direct."

tractor-trailer truck owned and operated respectively by Blue Ridge and Lundy.

Harvey Howard Rosson, an unmarried infant, left no issue and no brothers or sisters when he died. He and his father were killed in the same accident, and it is not necessary to determine which of these two predeceased the other, for it is conceded that Margaret Helen Rosson lived for several hours after the collision, and both her husband and son predeceased her. It follows that decedent, Harvey Howard Rosson, was not survived by any of the persons enumerated in the first or preferred class of beneficiaries in § 8-636, Code 1950, *i.e.*, a widow, husband, children, or grandchildren, or by a widow or widowed mother as provided for under § 8-638, Code 1950. His mother, Margaret Helen Rosson, sole beneficiary of the deferred or second class under § 8-636, died a few hours after Harvey Howard Rosson and before there had been any suit instituted or qualification had on his estate.

On these facts Blue Ridge and Lundy assert that under the statutes Margaret Helen Rosson was the sole beneficiary, and any right of action that might have existed at the time of decedent's death abated upon her death, and no right of action against them existed when the administrators instituted suit.

Plaintiffs maintain that the right of action provided for by §8-633, implemented by cognate sections, is given to decedent's personal representative and did not abate upon the death of his mother. They assert that the beneficiary or beneficiaries as a class are not fixed and determined at decedent's death but are to be determined at the time of recovery and that upon Margaret Helen Rosson's death, the right of action continued in decedent's administrators for the benefit of his estate, which is made the third class beneficiary under § 8-638.

They insist that the imperative and all-embracing language of § 8-633, "Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person * * * and the act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action * * * *then, and in every case, the person who * * * would have been liable, if death had not ensued, shall be liable to an action for damages* * *" (Emphasis added) shows that a right of action lies in *every* wrongful death case, and there is nothing to indicate that it is to abate upon the death of any prospective beneficiary. Likewise, it is insisted that the language of § 8-634, *i.e.*, "Every such action shall be brought by and in

the name of the personal representative of such deceased person," is broad and inclusive and bestows the cause of action and the right to enforce it upon the personal representative and not upon a beneficiary or any class of beneficiaries.

There is conflict in the decisions as to whether the right of action given by statutes of this character vests in a class or particular beneficiary upon decedent's death and abates upon the death of the last beneficiary in that class or survives for the benefit of the deferred class or for decedent's estate. This conflict is, however, more apparent than real for the statutes of the several states are not identical, and the phraseology of each statute is ultimately determinative of whether or not the right of action abates. 16 Am. Jur., Death, §§ 107, 114, 115, 116; 25 C. J. S., Death, § 40, p. 1132.

In some jurisdictions the statutes vest the right of action in a beneficiary or class upon decedent's death and upon subsequent death of the beneficiary or the last one in the class, the right of action abates. The statutes of other jurisdictions put the fundamental right of action in decedent's personal representative, and there is no abatement upon the subsequent death of all of a preferred class of beneficiaries, but the right of action continues to exist. Annotations of cases arising under different statutes are found in 13 A. L. R. 225 and 43 A. L. R. 2d 1291.

Our statute is not what is often termed "an exclusive beneficiary statute," meaning that the designated beneficiary or class of beneficiaries in existence at decedent's death are the exclusive beneficiaries and are thus fixed as a class at decedent's death. It is a statute in which the right of action is conferred upon decedent's personal representative, and though the beneficiaries are designated by class, we find nothing in the act's purpose or phraseology to indicate a legislative intent that the right of action shall abate upon the death of class beneficiaries. On the contrary, the fact that recovery in some instances may be for decedent's estate, *i.e.,* his creditors and remote distributees is strong indication of intent that the action given to the personal representative was meant to remain in the personal representative for the benefit of each class, and in case of death of all members of a class, pending recovery, to be prosecuted to finality for the next succeeding class.

The Supreme Court of South Carolina, in *Morris* v. *Spartanburg Ry., Gas & Electric Co.*, 70 S. C. 279, 49 S. E. 854, construing a statute similar to ours, decided that the cause of action did not abate

upon the death of the only class beneficiary pending trial of the cause. In that case a child's administrator brought suit for decedent's wrongful death, but before trial the father of decedent died. Motion to dismiss was made on the ground that the subsequent death of the father, the sole beneficiary of a class, terminated the right of action.

Section 2851 of the South Carolina Code, which is practically identical with § 8-633, Code of Virginia, 1950, and § 2852 of the South Carolina Code, which is substantially similar to §§ 8-636 and 8-638 of our Code, are copied in the margin.[2]

In construing and applying these sections, the court said:

"The statute is remedial and should be liberally construed so as to accomplish its object. It was designed to remove the common law rule, founded on the maxim, *actio personalis moritur cum persona*, as an obstacle to the recovery of damages for death of a party by a wrongful act, neglect or default of another, and to create a right of action in the administrator of the deceased for the benefit of the persons named in the statute. *In re Estate Mayo*, 60 S. C., 401, 38 S. E., 634, 54 L. R. A., 660. The award of damages for the wrongful death is the important matter, the manner of distribution is of secondary consideration. We think it would be too narrow a construction of the statute to hold that an action thereunder could abate as long as any beneficiary person or class named in the statute existed. In this case, while it is true that the father would have been sole

---

[2] "Sec. 2851: Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person or corporation who would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as to make the killing in law a felony.

"Sec. 2852: Every such action shall be for the benefit of the wife or husband and child or children of the person whose death shall have been so caused, and if there be no such wife or husband, or child or children, then, for the benefit of the parent or parents; and if there be none such, then for the benefit of the heirs at law or the distributees of the person whose death shall have been caused, as may be dependent on him for support, and shall be brought by or in the name of the executor or administrator of such person; and in every such action the jury may give such damages, including exemplary damages, where such wrongful act, neglect or default was the result of recklessness, wilfulness or malice as they may think proportioned to the injury resulting from such death to the parties, respectively, for whom and for whose benefit such action shall be brought. And the amount so recovered shall be divided among the before-mentioned parties in such shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate."

beneficiary in the event of his being alive at the time of recovery of damages, still the statute had other beneficiaries in contemplation in the event of his death. The brothers and sisters of the deceased named in the complaint are his heirs at law, and since they fall within the class of beneficiaries, while the action is still pending, the action should not abate for want of a statutory beneficiary. Under the statute, the action must be prosecuted in the name of deceased's administrator, and he is living to carry on the action for the benefit of whoever may be entitled to participate in the distribution of such recovery as may be had." At page 281.

For like construction of a similar statute, see *Garrard* v. *Mahoning Valley Ry. Co.*, 100 Ohio St. 212, 126 N. E. 53.

Our statute was first enacted in 1871 (Acts 1870-71, ch. 29, p. 27; Code 1873, ch. 145, p. 996), and the right of action was given to decedent's personal representative, but the recovery was first for the benefit of decedent's "wife, husband, parent, and child." If there were none of this class, then the recovery was for the benefit of decedent's estate. Two classes of beneficiaries were provided for in the act, decedent's spouse and near blood relations, constituting the preferred class, and his more remote relative and creditors the second class. Yet under no condition does it appear that it was intended that the right of action was to abate for the act provided that "if there be no wife, husband, parent, or child, the amount so received shall be assets in the hands of the personal representative to be disposed of according to law."

In *Baltimore & Ohio R. R. Co.* v. *Wightman's Admr.*, 29 Gratt. (70 Va.) 431 (1877) (reversed in 104 U. S. 5, under the style of *Railroad Co.* v. *Koontz*, on question of jurisdiction and removal to federal court), the elder Judge Staples, in that landmark case, when construing this statute as it was phrased when first enacted, said:

"The Virginia statute does not declare for whose benefit the action is brought, or that it is for the benefit of anyone. (At page 439.)

\*  \*  \*  \*  \*  \*  \*

"The statute was designed to give the personal representative a right of action wherever the deceased would have had it had he lived." (At page 441.)

Since this decision, the statute has been amended several times. By amendment in 1904, Acts 1904, ch. 64, p. 110, the spouse and children

were retained in the first class, and under certain circumstances, decedent's widowed mother was added to that class. Also by this act decedent's parents, brothers and sisters were placed in the second class, and decedent's creditors and remote relatives were deferred to a third class. In the 1919 revision of the Code, the word "surviving" was inserted in § 5787 (now § 8-636) as a prefix to the first class beneficiaries.

By that revision the words "there is" appearing in the last sentence of § 5788 (now § 8-638) were also deleted and the words "has left" inserted as a prefix before the words "widowed mother," so that the last sentence of that section now reads:

"* * * This and the preceding section are subject to this proviso: Where the decedent has left a widowed mother and also a widow, but no child or grandchild, the amount recovered shall be divided between the mother and the widow in such portions as the jury or court may direct."

By amendment in Acts 1920, ch. 25, p. 26, grandchildren were added to the preferred class. See § 8-636, Code 1950.

It cannot, however, be reasonably concluded that these amendments to the statute were intended to change its fundamental object and purpose as construed in 1877 in the *Wightman* case. We agree with Judge Staples that the act was intended to confer upon decedent's personal representative a right of action "whenever the deceased would have had it had he lived," and the amendments have not altered its effect in that particular.

It is hardly conceivable that the legislature could have intended when it first enacted this remedial legislation or when it made amendments thereto, that one, through negligence or from criminal inclination, might kill an entire family, and yet recovery or no recovery against him be, in certain instances, made dependent upon the moment and sequence in which his several victims died.

Though recovery against the tort feasor is for beneficiaries who are, to a degree, designated by classes, yet the cause of action and right to enforce it are by clear and mandatory language lodged in decedent's personal representative alone and the death of class beneficiaries before recovery does not terminate the cause of action.

The judgment appealed from will be reversed and the case remanded for trial.

*Reversed and remanded.*