## CIRCUIT COURT OF ARLINGTON COUNTY

Lillian E. Walker,
Administratrix, etc., et al.

v.

Government Employees Insurance Co.
and Patricia S. Haight

Case No. (Chancery) 24187

By JUDGE CHARLES H. DUFF

December 3, 1974

The facts giving rise to this Declaratory Judgment action may be stated succinctly as follows:

On November 21, 1972, Edward Everett Wilson was struck and killed by an automobile driven by Patricia S. Haight, the latter being insured by Government Employees Insurance Company. The decedent Edward Everett Wilson was unmarried and left no children but was survived by a brother, Ernest Wilson (who waived his rights as beneficiary), and a sister, Thelma W. Miskell, these admittedly being the only beneficiaries under the Wrongful Death Act. Thelma W. Miskell was appointed Administratrix of his estate and, through counsel, entered into negotiations for the settlement of her claim for the death of decedent. These negotiations resulted in an offer by the insurance

carrier to pay $16,000.00 to compromise and settle the claim and acceptance thereof was made by the Administratrix.

It was contemplated by the parties that the settlement, pursuant to statute, would be presented to the appropriate Circuit Court for approval.

The Government Employees Insurance Company forwarded the case to counsel for preparation of the necessary Petition and other related papers and a date of August 3, 1973, was selected for presentation of the settlement to the Circuit Court of Fairfax County. The Answer of the Administratrix to the Petition for settlement was duly executed, and her endorsement affixed to the proposed judgment order. On August 3, 1973, the Administratrix appeared at the Fairfax County Courthouse with counsel to present the settlement to the court. While in the Courthouse, but prior to securing court approval, she suffered a heart attack and died shortly thereafter. Government Employees Insurance Company subsequently refused to conclude the settlement and the successor Administratrix of the estate of Edward Everett Wilson as well as the Administratrix of the estate of Thelma W. Miskell have filed this Petition for Declaratory Judgment seeking an adjudication of the rights of the parties.

Petitioners contend, *inter alia*, that a valid and enforceable settlement contract had been concluded and that court approval thereof was, in effect, a mere formality. Alternatively, they contend that at least a valid and enforceable contract to present the proposed settlement to the Circuit Court was concluded. Subsidiary issues involve the right of the successor Administratrix of Thelma Miskell to act and also the issue of whether the estate of Thelma Miskell can participate in the wrongful death recovery.

Defendants contend that the settlement was concluded solely because of the dependency of Thelma Miskell upon the decedent and the solace to which she would be entitled as a result of her brother's death. They contend further that the settlement was merely tentative and in no way binding until court approval was obtained. Upon Thelma Miskell's death such approval was not obtainable and they were within their rights to refuse to honor the tentative compromise reached. They further deny that the estate

of Thelma Miskell could participate in the wrongful death recovery under the Virginia statute.

Without necessarily approaching the issues in the order presented, I have concluded as follows:

Section 8-634, Code of Virginia, provides that every action for Wrongful Death shall be brought by and in the name of the personal representative of the deceased person. Such personal representative is the only party that can maintain an action for wrongful death in Virginia. He brings the action primarily and substantially as trustee for certain particular kindred of the deceased. *See Conrad v. Thompson*, 195 Va. 714 (1954); *Wilson v. Whitaker*, 207 Va. 1032 (1967); *Goff v. Norfolk, etc. RR. Co.*, 36 F. 299 (W.D. Va. 1888). He serves in an administrative capacity as evidenced by the fact that in certain instances a sheriff may be appointed as personal representative. *See* Section 64.1-131, Code of Virginia. I am satisfied that the death of the personal representative in no way affects either the prosecution of a wrongful death action or any valid and enforceable compromise which he or she may have reached. A successor personal representative can act with authority and stands in the shoes of the original representative in all respects.

The issue of the statutory provision requiring court approval by virtue of Section 8-639 which provides, *inter alia*, that the personal representative of the deceased may compromise the claim "with the approval of the judge of the court wherein any such action has been brought . . . ." The cited statute provides further that the approval is by petition which states the compromise, the terms thereof, the reasons therefor and that the parties in interest shall be convened. The entire tenor of Section 8-639 indicates a legislative intent that judicial approval is more than a mere formality. Undoubtedly the court is required to exercise its judgment regarding the terms of the compromise and the quantum thereof and to be satisfied that the settlement is fair and just to all parties in interest. If, in practice, judicial approval has become a mere formality, such is undoubtedly due to the quality of settlements presented rather than to a legislative intent that the court act *pro forma*.

It is basic that the law encourages parties to a dispute to seek settlement by agreement. Such an agreement

is a contract and, if entered into by the parties or their counsel acting with authority, is binding. See the extensive annotation of 30 A.L.R.2d 944. The parties to the present dispute were the administratrix of the estate of Edward Everett Wilson, acting through her attorney, on the one hand, and the Government Employees Insurance Company on the other. The pleadings in the file, the documents submitted with the Petition for Declaratory Judgment and the representations of counsel at argument satisfy me that these parties had reached a meeting of the minds that the claim of the Estate against Government Employees Insurance Company's insured was settled for $16,000.00 subject to the condition that the settlement receive court approval. As to the question of consideration for the settlement agreement, it should be borne in mind that the claim was disputed or unliquidated and the promise by one party constitutes good consideration for the promise by the other. See 15 Am. Jur. 2d 145, Compromise and Settlement, Section 10. Under such circumstances, I am of the opinion that the insurance carrier is bound by its contract to present the settlement to the Circuit Court for approval. It dealt with the estate of Edward Everett Wilson, not with Thelma Miskell individually.

The terms of the settlement were fixed, the quantum of the "recovery" had been agreed upon, the distribution thereof had been determined. Only the condition of court approval remained. This condition was in no way affected by Thelma Miskell's untimely death. It is presently obtainable provided the court finds the settlement contract fair and just to all parties.

It seems to me that the rights of the parties, subject only to the above stated condition, were fixed as of the date of the settlement. Any settlement involves an element of risk that the payee may not survive as contemplated in determining the quantum of future economic loss or solace. Furthermore, to hold that this settlement contract between the estate and the carrier was not enforceable would be contra to the policy of the law favoring compromise. Surviving beneficiaries would be encouraged to institute action promptly rather than engage in protracted negotiations and defendants would be reluctant to settle promptly if the death of beneficiaries would terminate their liability.

In the view I have taken, that an enforceable settlement contract, subject only to court approval, was entered into, the remaining issue of whether the estate of a surviving beneficiary is entitled to share in the proceeds of a cause of action for Wrongful Death should appropriately be raised at the time court approval is sought. I have carefully examined *Johns, Adms. v. Transfer Co.*, 199 Va. 63 (1957), and the other cases cited in the briefs and believe it would be inappropriate to comment thereon as this issue will undoubtedly be presented as one reason why the court should not approve the settlement.

## February 1975

Subsequent to the Memorandum Opinion of December 3, 1974, Government Employees Insurance Company moved the court to enlarge the holding so as to specifically determine whether or not the Estate of Thelma W. Miskell can participate in the settlement. The parties likewise executed and filed a stipulation that judicial approval of the $16,000.00 compromise would be sought from this court, thus obviating the concern which I had expressed in the original Memorandum in declining to pass upon the question now posited.

As recognized in the able briefs which have been submitted, the issue of whether a beneficiary's estate succeeds to the rights of a deceased beneficiary in a wrongful death action has been the subject of much disagreement among the various jurisdictions. Many hold that the action does survive for the benefit of the estate of the deceased beneficiary. Examples of this construction of wrongful death statutes are found in *Van Beeck v. Sabine*, 300 U.S. 342 (1937); *Sharp's Admr. v. Sharp*, 284 S.W.2d 673; and *Gray v. Goodson*, 378 P.2d 413. Other holdings are to the contrary and in some instances the determinative fact appears to be whether an action had been commenced by the personal representative during the life of the deceased beneficiary. *See Garrard v. Mahoning Valley Ry. Co.*, 100 Ohio 212; 126 N.E. 53, and 43 A.L.R.2d 1291 (Sec. 3, p. 1293, and Sec. 5, p. 1297). Phrased alternatively, the issue may be said to involve the question of whether the beneficiary's interest in the wrongful death action

"vests" at the time of the wrongful death or at the time of recovery or at the time of instituting an action.

The only Virginia decision helpful in determining the present issue is *Johns Admr. v. Transfer Co.*, 199 Va. 63 (1957). However, that case did not specifically involve the precise question presented, nor were the facts identical. It did involve the issue of whether the right of action abated upon the death of the sole beneficiary. While the conclusion was in the negative, the Supreme Court's comment regarding the legislative intent in enacting the statute is of aid to the present issue. On page 66 the Court stated:

> On the contrary, the fact that recovery in some instances may be for decedent's estate, i.e., his creditors and remote distributees, is strong indication of intent that the action given to the personal representative was meant to remain in the personal representative for the benefit of each class, and in case of death of all members of a class, pending recovery, to be prosecuted to finality for the next succeeding class.

The *Johns* Court cited with approval the South Carolina decision of *Morris v. Spartenburg Ry. Gas and Electric Co.*, 70 S.C. 279; 49 S.E. 854, which construed a wrongful death statute similar to ours. Therein the South Carolina court held:

> In this case, while it is true that the father would have been sole beneficiary in the event of his being alive at the time of recovery of damages, *still the statute had other beneficiaries in contemplation in the event of his death.* (italics mine) The brothers and sisters of the deceased named in the complaint are his heirs at law, and since they fall within the class of beneficiaries, while the action is still pending, the action should not abate for want of a statutory beneficiary. Under the statute the action must be prosecuted in the name of decedent's administrator, and he

is living to carry on the action for the benefit of whoever may be entitled to participate in the distribution of such recovery as may be had.

See similarly *Arendt v. Kratz*, 46 N.W.2d 219.

The Ohio decision of *Garrard v. Mahoning Valley Ry. Co., supra*, also cited in the *Johns* case, and involving a statute similar to ours, likewise held against abatement of the action. However, the language of the Ohio Court in refusing to follow a Maine decision which held that the cause of action vested in the beneficiaries immediately at the time of death of the injured party is apropos to the present question:

We think that our statute does not vest the cause of action in any particular class existing at that time, but that the cause of action, or the right to enforce liability, is distinctly vested in the personal representative of the deceased person in behalf of the class existing *when the right is enforced by suit.* instituted by such representative. (italics mine)

A number of the other decisions cited in 43 A.L.R.2d 1291 turn on their own peculiar facts or on the language of the particular statutes involved and are of little assistance in correctly resolving the present action. As I view the problem presented, two issues are of import: First, does Virginia follow what might be termed the broader and more liberal interpretation as exemplified by the *Van Beeck v. Sabine* decision, *supra*? If so, then Thelma Miskell's estate can participate in the settlement. If not, then under the facts at bar does the existence of an agreed settlement subject to Court approval place Thelma Miskell's estate in a different position so that it does have the right to participate in the settlement?

As to the first question, I am of the opinion that the language in the *Johns* decision and in the *Morris v. Spartenburg Ry. Gas and Electric Co.* and *Garrard v. Mahoning Valley Ry. Co.* cases, both cited with approval in *Johns*, leads to the conclusion that our Supreme Court would hold that the legislative intent of the Virginia

wrongful death act was to benefit certain designated beneficiaries and not the estate of any particular beneficiary. Thus had no settlement been concluded in the present case and Thelma Miskell died prior to action being instituted, her estate would have no valid claim against any recovery subsequently secured by the successor personal representative of Everett E. Walker.

However, such are not the facts at bar and thus the second question posed above becomes crucial. The estate of Everett E. Walker had not instituted suit but it had admittedly settled its claim against Government Employees Insurance Company's insured, subject only to judicial approval. Petitioner herein alleges that suit was not instituted because of the pendency of promising negotiations for settlement. When the settlement was consummated, it seems to me that Thelma Miskell certainly held a more realistic and fixed property interest therein than she would have acquired by virtue of the mere filing of a suit. The obligation to pay $16,000.00, subject to judicial approval, had arisen.

Accordingly, under the peculiar facts of this case I am of the opinion that the estate of the sole beneficiary who dies after settlement but before Court approval thereof has a property interest in the settlement, subject to being divested by judicial disapproval thereof in the same manner as though the beneficiary had not died.