### Richmond

## VIRGINIA ELECTRIC AND POWER COMPANY

### V.

## CITIZENS FOR SAFE POWER, ET AL.

December 4, 1981.

Record No. 810245.

Present: All the Justices.

*Guy T. Tripp, III (Darla B. Tarletz; Hunton & Williams,* on briefs), for appellant.

*William S. Jordan, III; Joseph W. Richmond; A. Lynn Ivey, III (Lynne Bernabei; Lawrence H. Hoover, Jr.; Lewis S. Minter; Donald G. Owens; Edward C. Tosh; Harman & Weiss; Richmond and Fishburne; Hoover, Hoover, Penrod & Davenport,* on briefs), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

This is an appeal from an order of the State Corporation Commission denying an application by Virginia Electric and Power Company (Vepco) to construct a double circuit 230 kilovolt (kv) transmission line from Remington to Charlottesville. The new line would have replaced a single 115 kv circuit strung on wooden poles approximately 55 feet tall with two 230 kv circuits on steel poles approximately 90 feet tall along the same right-of-way.

Our task is to determine the meaning and intent of the part of Code § 56-46.1[1] which reads:

---

[1] § 56-46.1. *Commission to consider environmental factors in approving construction of electrical utility facilities; approval required for construction of certain electrical transmission lines; notice and hearings.*—Whenever under any provision of law whatsoever, applicable to the Commission, the Commission is required to approve the construction of any electrical utility facility, it shall give consideration to the effect of that facility on the environment and establish such conditions as may be desirable or necessary to minimize ad-

In any such hearing the public service company shall provide adequate evidence that existing rights-of-way cannot adequately serve the needs of said company.

Vepco contends that this sentence means a new corridor should not be approved for a transmission line if an existing corridor is adequate to meet the needs of the utility. Further, it argues the burden is on the company to show the existing corridor is inadequate. Vepco "readily admits that it cannot carry that burden in this case." The appellees[2] counter that, if Vepco's contention were accepted, it would eliminate the Commission's power to review the environmental impact of proposed construction as mandated by § 56-46.1.

verse environmental impact. In such proceedings it shall receive and give consideration to all reports that relate to the proposed facility by State agencies concerned with environmental protection; and, if requested by any county or municipality in which the facility is proposed to be built, to local comprehensive plans that have been adopted pursuant to article 4 (§ 15.1-446.1 et seq.) of chapter 11 of Title 15.1 of the Code of Virginia.

No electrical transmission line of two hundred kilovolts or more shall be constructed unless the State Corporation Commission shall, after at least thirty days' advance notice by publication in a newspaper or newspapers of general circulation in the counties and municipalities through which the line is proposed to be built, and written notice to the governing body of each such county and municipality, approve such line. As a condition to such approval the Commission shall determine that the corridor or route the line is to follow will reasonably minimize adverse impact on the scenic and environmental assets of the area concerned. If, prior to such approval, any interested party shall request a public hearing the Commission shall, as soon as reasonably practicable after such request, hold such hearing or hearings at such place as may be designated by the Commission. This section shall apply to such transmission lines for which rights-of-way acquisitions have not been completed as of April eight, nineteen hundred seventy-two. *In any such hearing the public service company shall provide adequate evidence that existing rights-of-way cannot adequately serve the needs of said company.* For purposes of this section, "interested parties" shall include the governing bodies of any counties or municipalities through which the line is proposed to be built, and persons residing or owning property in each such county or municipality and "environmental" shall be deemed to include in meaning "historic."

Approval of a transmission line pursuant to this section shall be deemed to satisfy the requirements of § 15.1-456 and local zoning ordinances with respect to such transmission line. (Emphasis added.)

[2] The appellees are the State Corporation Commission, the Citizens for Safe Power, an unincorporated association, and Cyril V. Smith, Jr., Sara Murphey Smith and Ray A. Graham, III, whose properties would be affected by the construction of the proposed facilities.

Code § 56-46.1 provides that, in approving the construction of high voltage lines, the Commission should determine that the proposed route will minimize adverse environmental impact. We have held that in making this determination "it was the intent of the General Assembly . . . that the Commission obtain all relevant environmental information . . . ." *Campbell County* v. *Appalachian Pow. Co.,* 216 Va. 93, 102, 215 S.E.2d 918, 925 (1975). *See also Citizens* v. *Appalachian Pow. Co.,* 219 Va. 540, 248 S.E.2d 797 (1978); *Rappahannock League* v. *Vepco,* 216 Va. 774, 222 S.E.2d 802 (1976).

The interpretation urged on us by Vepco would preclude Commission review of construction of transmission facilities whenever the company decides to use an existing corridor. This would be the case irrespective of the changes the company proposes and irrespective of changes in the area that may have occurred since the corridor was first established.

Vepco seeks to use one sentence of a statute to build an irrational construction contrary to the intent of the statute as a whole. We have held that a statute is not to be construed by singling out a particular phrase. *Com. Nat. Res.* v. *Commonwealth,* 219 Va. 529, 536, 248 S.E.2d 791, 795 (1978). Furthermore, we presume that the General Assembly does not intend the application of a statute to lead to irrational consequences. *F.B.C. Stores, Inc.* v. *Duncan,* 214 Va. 246, 249-50, 198 S.E.2d 595, 598 (1973).

The language in issue deals with the situation where a utility's application to clear a new right-of-way is contested. It merely places the burden on the utility to show that an existing right-of-way cannot be used. This is consistent with the view that in most cases upgrading an existing corridor will be less damaging than clearing a new one. There is nothing in the statute, however, that indicates this will always be the case and that when a utility wishes to use an existing corridor its judgment cannot be challenged. Therefore, the Commission had the power to review the environmental impact of upgrading the existing Remington-Charlottesville corridor, and, since its conclusions in this regard are unchallenged, its order denying the application will be

*Affirmed.*