## CIRCUIT COURT OF THE CITY OF RICHMOND

Carter L. Refo, Ex'r., etc.

v.

Ida Sporn Werber

August 30, 1982

Case No. LE-1813

By JUDGE WILLARD I. WALKER

This matter is before the court on demurrer with defendant pleading that plaintiff's amended motion for judgment does not allege that plaintiff's decedent, Miss Elizabeth Tompkins, left any statutory beneficiaries entitled to damages under Virginia's wrongful death act, § 8.01-53, Code of Virginia.

The pertinent facts of the case are as follows: Plaintiff alleges and defendant admits that Miss Tompkins was crossing Monument Avenue in Richmond when she was struck and killed by a car driven by defendant. Miss Tompkins was survived by no spouse, children, grandchildren, brothers, sisters, or other classes of beneficiaries listed in § 8.01-53, Code of Virginia. Plaintiff is the executor and recipient of the estate of Miss Tompkins and is seeking to recover damages for her estate under the wrongful death act for his and his family's solace and lack of companionship which resulted from the death of Miss Tompkins.

The issues which this case presents are unique and appear to be of first impression before this court: Does a cause of action survive a wrongful death

when there are no statutory beneficiaries under § 8.01-53 of the Code of Virginia? If a cause of action survives, can the estate recover damages for loss of companionship, solace and mental anguish?

In 1871, the General Assembly of Virginia passed a wrongful death act modeled after Lord Campbell's act which was adopted by the English Parliament in 1846. It provided:

1. That an action may be maintained whenever death is caused by a wrongful act, neglect, or default which would have entitled the person injured to maintain an action if death had not ensued.

2. That such action is for the benefit of certain designated members of a deceased's family or close of kin.

3. That damages recoverable in such action are those suffered by such beneficiaries by reason of the death.

While the Death by Wrongful Act statute in Virginia has been amended several times, its intent and thrust remains consistent with the original Lord Campbell's act. The relevant portions of the 1977 Death by Wrongful Act amendment to the Code of Virginia are:

§ 8.01-53. Class and beneficiaries; when determined. A. The damages awarded pursuant to § 8.01-52 shall be distributed as specified under § 8.01-54 to (i) the surviving spouse, children, and grandchildren of the deceased, or (ii) if there be none such, then to the parents, brothers, and sisters of the deceased, or (iii) if the decedent has left both surviving spouse and parent or parents, but no child or grandchild, the award shall be distributed to the surviving spouse and such parent or parents.

B. The class and beneficiaries thereof eligible to receive such distribution shall

be fixed (i) at the time the verdict is entered if the jury makes the specification, or (ii) at the time the judgment is rendered if the court specifies the distribution.

§ 8.01-54. Judgment to distribute recovery when verdict fails to do so. A. The verdict may and the judgment of the court shall in all cases specify the amount or the proportion to be received by each of the beneficiaries, if there be any. No verdict shall be set aside for failure to make such specification. . . .

C. The amount recovered in any such action shall be paid to the personal representative who shall first pay the costs and reasonable attorney's fees and then distribute the amount specifically allocated to the payment of hospital, medical, and funeral expenses. The remainder of the amount recovered shall thereafter be distributed by the personal representative, as specified in subsections A and B above, to the beneficiaries set forth in § 8.01-53; provided that any distribution made to any such beneficiaries shall be free from all debts and liabilities of the decedent. If there be no such beneficiaries, the amount so recovered shall be assets in the hands of the personal representative to be disposed of according to law. (Emphasis added.)

The Supreme Court of Virginia ruled on the pre-1977 wrongful death act in Johns, Adm'rs v. Blue Ridge Transfer Co., 199 Va. 63 (1957). There the court ruled on whether a cause of action existed for a child's administrator when he was killed in an automobile accident simultaneously with his only statutory beneficiaries, his parents. The court held that under the wrongful death statute the cause of action is conferred upon decedent's personal representative and does not abate upon the death of class benefici-

and does not abate upon the death of class beneficiaries.

> It is hardly conceivable that the legislature could have intended when it first enacted this remedial legislation or when it made amendments thereto, that one, through negligence or from criminal inclination, might kill an entire family, and yet recovery or no recovery against him be, in certain instances, made dependent upon the moment and sequence in which his several victims died.
>
> Though recovery against the tort feasor is for beneficiaries who are, to a degree, designated by classes, yet the cause of action and right to enforce it are by clear and mandatory language lodged in decedent's personal representative alone and the death of class beneficiaries before recovery does not terminate the cause of action. Id. at 69 (emphasis added).

Having determined from Johns that a cause of action survives a wrongful death when there are no statutory beneficiaries, the question remains whether a personal representative can recover damages for the estate for loss of companionship, solace, and mental anguish; or whether damages are limited to actual funeral and medical expenses of the decedent. The weight of authority in Virginia indicates that a personal representative cannot recover above funeral or medical expenses where no statutory beneficiary survives.

In interpreting the wrongful death act, the Virginia Supreme Court has held that "[i]t is clear that the primary objective of the statute, like its prototype, Lord Campbell's act, is to compensate the family of the deceased and not to benefit his creditors." Withrow v. Edwards, 181 Va. 344 (1934). "We have held that in an action for wrongful death the personal representative of the deceased sues primarily as trustee for certain statutory beneficiaries and not

for the general benefit of decedent's estate." Wilson v. Whittaker, 207 Va. 1032, 1036 (1967) (emphasis added). "As we have stated before, the intent of the pre-1968 [wrongful death] statute was not to accumulate an estate for the decedent . . . . We perceive no legislative intent to alter this purpose by the 1974 amendment." Marshall v. Goughnour, 221 Va. 265 (1980).

The Code of Virginia § 8.01-54(c) allows for recovery by the personal representative for reasonable attorney's fees, hospital costs, and funeral expenses. It also allows for further damage recovery by the representative to be distributed among the statutory beneficiaries; but if there are no such beneficiaries, then disposed of according to law. It is evident from the cases cited that the Virginia Supreme Court interprets this statute to limit damage recovery to family members, and not to accumulate an estate for the decedent.

In his memorandum and in oral argument on May 27, 1982, plaintiff asserts his right to recovery based on § 8.01-54(c), Code of Virginia. His contention is that § 8.01-54(c) creates in Virginia's wrongful death act a fourth class of statutory beneficiary, the decedent's estate. Plaintiff cites Virginia Civil Procedure (Michie 1982) by Messrs Boyd, Graves and Middleditch, as authority.

> The four classes of beneficiaries are successive and are determined when the action is instituted, so that no member of a class is entitled to benefits if a member of the preceding classes is alive when the action is instituted. The first class consists of surviving spouse, children of the deceased, and children of any deceased child; the second class consists of parents, brothers, and sisters; the third class consists of surviving spouse and parent or parents, provided the decedent left a surviving spouse and at least one parent but no child or grandchildren; and the fourth class is the

<u>estate</u> <u>of</u> <u>the</u> <u>decedent.</u> <u>Id</u>. at 43 (emphasis added).

This passage contains several errors. First, § 8.01-53 does not mention that any classes of beneficiaries should be successive. Clearly, the third class under § 8.01-53 is not successive. It would be inconceivable that the General Assembly would permit recovery of decedent's brother or sister <u>ahead</u> of decedent's spouse when, unfortunately for the surviving spouse, there are no surviving children or grandchildren. This third class is merely an addendum to the first two classes of beneficiaries and serves to guide the court when no children survive.

Additionally, the wrongful death statute does not mention a fourth class of beneficiary. To permit the decedent's estate to become a "fourth class" of statutory beneficiary under § 8.01-53 would be contrary to the Virginia Supreme Court's ruling that the recovery cannot be used to accumulate an estate for the decedent.

In the present case, a cause of action survives the wrongful death and may be maintained under the <u>Johns</u> decision, but any recovery above funeral and medical expenses could be "accumulating an estate" for the decedent. Therefore, the court will overrule defendant's demurrer, but will not allow recovery except for those medical and funeral expenses enumerated in plaintiff's second amended motion for judgment.