# KARL PHILIP KNODEL

v.

# JOHN L. DICKERMAN, ADMINISTRATOR OF THE ESTATE OF CHARLOTTE ELIZABETH DICKERMAN

Record No. 921483

June 11, 1993

Present: All the Justices

*Henry M. Sackett, III (James O. Watts, IV; Edmunds & Williams,* on briefs), for appellant.

*Sherwood S. Day (Thomas W. Current; Day & Current,* on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal of a judgment approving a jury's verdict in a wrongful death action, we consider whether a child, adopted after the death of the decedent, but before the jury's verdict was entered, may recover damages as a statutory beneficiary under Code § 8.01-53.

The relevant facts are not in dispute. Charlotte Elizabeth Dickerman, a 13-year-old, died from injuries she incurred in a one-vehicle accident in Shenandoah County. John L. Dickerman, administrator of Charlotte's estate, filed this wrongful death action against Karl Philip Knodel, the driver, and others, seeking damages for Charlotte's death. Charlotte was survived by her parents and two brothers.

On the date of Charlotte's death, Grace, an infant, had lived in the Dickerman household for approximately two weeks. Although Charlotte's parents had intended to adopt Grace, a final order of adoption was not entered until after Charlotte's death.

Before trial, Knodel filed a motion in limine to exclude Grace as a statutory beneficiary under the Death by Wrongful Act statute, Code §§ 8.01-50 through -56, on the basis that there was no legal relationship between Grace and Charlotte at the time of Charlotte's

death. The trial court denied the motion. The trial court, over Knodel's objection, instructed the jury that Grace was a statutory beneficiary. The jury returned a verdict in favor of the administrator of Charlotte's estate and against Knodel for damages as follows: $100,000 to each of Charlotte's parents, $50,000 to each of Charlotte's brothers, and $50,000 to Grace.

Knodel filed a motion to set the verdict aside on the basis that Grace improperly was included as a statutory beneficiary. The trial court denied the motion and entered judgment confirming the verdict. We awarded Knodel an appeal.

Knodel argues that on the date of Charlotte's death, Grace had not been adopted and, thus, had no legal relationship to Charlotte. Knodel asserts that Grace ''was at no time the 'sister' of Charlotte Dickerman and did not fall in the class of beneficiaries delineated in [Code] § 8.01-53(ii)'' and was not entitled to an award of damages as a statutory beneficiary. We disagree.

■ At the time of Charlotte's death, Code § 8.01-53, part of Virginia's Death by Wrongful Act, stated:

A. The damages awarded pursuant to § 8.01-52 shall be distributed as specified under § 8.01-54 to (i) the surviving spouse, children of the deceased and children of any deceased child of the deceased or (ii) if there be none such, then to the parents, brothers and sisters of the deceased . . . or (iii) if the decedent has left both surviving spouse and parent or parents, but no child or grandchild, the award shall be distributed to the surviving spouse and such parent or parents. Provided, however, no parent whose parental rights and responsibilities have been terminated by a court of competent jurisdiction or pursuant to a permanent entrustment agreement with a child welfare agency shall be eligible as a beneficiary under this section.

. B. The class and beneficiaries thereof eligible to receive such distribution shall be fixed (i) at the time the verdict is entered if the jury makes the specification, or (ii) at the time the judgment is rendered if the court specifies the distribution.

We must interpret this Code provision, which is clear and unambiguous, as written and we must apply the plain language contained therein. *Tazewell County School Board* v. *Gillenwater*, 241 Va. 166, 170, 400 S.E.2d 199, 201 (1991); *Barr* v. *Town & Country Properties, Inc.*, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).

■ Our review of Code § 8.01-53 indicates that Grace is entitled to retain her distribution of $50,000 as fixed by the jury. Our analysis of the language found in Code § 8.01-53(A) indicates that this statute creates potential classes of persons who may be eligible to recover for the wrongful death of the deceased. In this instance, we are concerned with the class that consists of "the parents, brothers and sisters of the deceased." *Id.* Nothing in Code § 8.01-53(A) identifies the date on which this class of eligible persons and the members thereof shall be fixed.

We must then turn to Code § 8.01-53(B) to ascertain the date when the class and the members thereof are fixed. Section 8.01-53(B) states that the class and beneficiaries thereof eligible to receive "shall be fixed (i) at the time the verdict is entered if the jury makes the specification." This language means that any person who is a parent, brother, or sister of Charlotte at the time the jury's verdict is entered is a beneficiary eligible to receive a distribution.

■ Contrary to Knodel's assertion, we find no language in Code § 8.01-53, and Knodel identifies none, that indicates that the class of statutory beneficiaries is determined at the time of the decedent's death. Furthermore, Knodel's argument was implicitly rejected by this Court in *Johns* v. *Blue Ridge Transf. Co.*, 199 Va. 63, 97 S.E.2d 723 (1957). There, we stated:

> Our [wrongful death] statute is not what is often termed "an exclusive beneficiary statute," meaning that the designated beneficiary or class of beneficiaries in existence at decedent's death are the exclusive beneficiaries and are thus fixed as a class at decedent's death. It is a statute in which the right of action is conferred upon decedent's personal representative, and though the beneficiaries are designated by class, we find nothing in the act's purpose or phraseology to indicate a legislative intent that the right of action shall abate upon the death of class beneficiaries. On the contrary, the fact that recovery in some instances may be for the decedent's estate, i.e., his creditors and remote distributees is strong indication of intent that the action given to the personal representative was meant to remain in the personal representative for the benefit of each class, and in case of death of all members of a class, pending recovery, to be prosecuted to finality for the next succeeding class.

*Id.* at 66, 97 S.E.2d at 725. The clear import of our holding and rationale in *Johns* is that the right of action remains in the personal representative for the benefit of each successive class, and that the class and beneficiaries within the class eligible to receive a distribution are not determined until the jury's verdict is entered. Finally, our interpretation of the statute is consistent with the Revisers' Note to Code § 8.01-53, which states:

> Subsection 8.01-53 A (i) and (ii), similar to former §§ 8-636.1 and 8-638, defines the class and beneficiaries to receive the damages awarded and states when they are to be determined.
> . . . .
> Subsection B sets the time when the class and beneficiaries who may receive the awarded damages will be fixed. This proposal codifies case law. *See* e.g., *Baltimore & O.R.R.* v. *Wightman's Adm'r*, 70 Va. (29 Gratt.) 431 (1877), rev'd on other grounds, 104 U.S. 5, 26 L.Ed. 643 (1881); *Johns* v. *Blue Ridge Transf. Co.*, 199 Va. 63, 97 S.E.2d 723 (1957).

Knodel also argues that Grace cannot be a statutory beneficiary under Code § 8.01-53(A) because "she never became the 'sister' of Charlotte." We disagree.

■ We have not heretofore considered whether a child adopted or born after the death of another is the decedent's sister. However, the generally accepted definitions of "sister" support the conclusion that Grace and Charlotte are sisters. The word "sister" is defined as:

> A woman who has the same father and mother with another, or has one of them only. In the first case, she is called sister, simply; in the second, half-sister.

*Black's Law Dictionary* 1387 (6th ed. 1990). *Webster's Third New International Dictionary* defines "sister" as: "a female human being related to another person having the same parents." *Webster's Third New International Dictionary* 2128 (1986). Additionally, the Texas Supreme Court in *Carrizales* v. *W.O.W. Life Ins. Soc.*, 140 Tex. 259, 261, 167 S.W.2d 509, 510 (1943), observed:

Common parentage makes two persons brother and sister. In the nature of things, neither span of life nor lack of given names can determine the relationship.

*See also Peterson* v. *Calvert*, 473 S.W.2d 314, 316 (Tex. Ct. App. 1971) ("No text, decision, or other authority we have examined defines brother or sister other than as a person who has the same father and mother with another person, or who has one of such parents."); *Clifford* v. *McCloskey*, 13 N.J.Super. 96, 80 A.2d 134 (1951) (court approving wrongful death verdict in favor of brother who was born after his sister's wrongful death); George H. Gonzel, Annotation, *Brothers and Sisters of Deceased as Beneficiaries within State Wrongful Death Statute*, 31 A.L.R.3d 379, 395 (1992) ("In those few cases dealing with the issue, the fact that a decedent's surviving sibling was not born until after the former's wrongful death, has been held not to affect the posthumously born brother's or sister's status as a member of the statutory beneficiary class 'next of kin.' ").

■ Code § 8.01-53(A) defines the class of eligible beneficiaries to whom damages may be distributed as the parents, brothers, and sisters of Charlotte. Grace had been legally adopted when the jury returned its verdict and, therefore, we hold that she is Charlotte's sister and a member of the class eligible to receive a distribution fixed by the jury.*

Finding no error in the judgment appealed from, we will affirm the judgment of the trial court.

*Affirmed.*

JUSTICE STEPHENSON, with whom CHIEF JUSTICE CARRICO and JUSTICE COMPTON join, dissenting.

I respectfully dissent. I submit that the majority reads subsection B in isolation and ignores the language in subsection A.

---

* Not only is this result mandated by the clear language contained in Code § 8.01-53, but it avoids the gross inequity that would ensue if we adopted Knodel's interpretation of the statute that the class of statutory beneficiaries is determined at the time of the decedent's wrongful death. Under Knodel's interpretation, if a man were wrongfully killed, and his pregnant wife gave birth to the child after the date of her husband's death, that child would not be able to recover damages for the wrongful death of the father. Certainly, Code § 8.01-53 does not require or mandate such an inequitable result.

It is well established that a court, when interpreting a statute, should read and consider it as a whole. In doing so, the various parts of the statute should be harmonized so that, if practicable, each is given a sensible and intelligent effect. *VEPCO v. Prince William Co.*, 226 Va. 382, 387-88, 309 S.E.2d 308, 311 (1983); *Rockingham Bureau v. Harrisonburg*, 171 Va. 339, 344, 198 S.E. 908, 910 (1938); *Hoover v. Saunders*, 104 Va. 783, 785, 52 S.E. 657, 657 (1906). Thus, courts should not interpret a statute "by singling out a particular phrase." *VEPCO v. Citizens*, 222 Va. 866, 869, 284 S.E.2d 613, 615 (1981); *accord Com. Nat. Res. v. Commonwealth*, 219 Va. 529, 536, 248 S.E.2d 791, 795 (1978).

Code § 8.01-53 identifies the statutory beneficiaries who may recover damages for death by wrongful act. When that Code section is read as a whole and a sensible, intelligent effect is given to both subsections A and B, I conclude that, in order to qualify as a beneficiary eligible to receive damages, a person must pass a two-part test.

The first part of the test is prescribed in subsection A. Subsection A identifies the class and beneficiaries to whom damages shall be distributed. The second part of the test is set forth in subsection B. Subsection B identifies the members of the class who are "eligible to receive" the distribution and provides that such eligibility "shall be fixed . . . at the time the verdict is entered . . . or . . . the judgment is rendered." Therefore, to qualify as a statutory beneficiary, a person must survive the decedent and be a member of the class at the time of the decedent's death. The person must also be a member of the class when the verdict is entered or the judgment is rendered.

In the present case, at the time of Charlotte's death, Charlotte was survived by her parents and two brothers. Pursuant to Code § 8.01-53(A), the class of statutory beneficiaries who might recover for her wrongful death consisted of her "parents, brothers and sisters." Grace was not yet legally adopted pursuant to an interlocutory or final order of adoption. Therefore, Grace was not a sister to Charlotte and could not be considered a member of the class of statutory beneficiaries at the time of Charlotte's death. Consequently, the first part of the test was not met, and, therefore, I do not reach the second part.

The majority's concern about an after-born child is a matter best left to the General Assembly's consideration. Indeed, the General Assembly previously addressed a similar matter in the context of wills and decedents' estates. *See* Code §§ 64.1-70 and -71.

I would hold, therefore, that the jury apportioned the verdict on the incorrect assumption that Grace was entitled to share in the distribution. Accordingly, I would modify the judgment appealed from by vacating the award to Grace and enter final judgment, as modified, in favor of Charlotte's parents and brothers.