# Lisa D. Barr

## v.

# Town & Country Properties, Inc.

Record No. 891253

September 21, 1990

Present: All the Justices

*Jack T. Burgess* for appellant.
*Gary B. Mims (Brault, Palmer, Grove & Zimmerman*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

The dispositive issue in this appeal is whether the appellant, Lisa D. Barr, is an employee as defined by Code § 65.1-4 of the Workers' Compensation Act and, consequently, barred under § 65.1-40 from pursuing a common law tort action against the appellee, Town & Country Properties, Inc.

Barr is a real estate agent. She executed an employment contract with Town & Country Properties, Inc. and Town & Country Properties, Incorporated of Maryland (Town & Country), dated December 14, 1979. The contract described Town & Country as a real estate broker and Lisa Barr as a real estate sales associate. Paragraph 7 of the contract, which delineated the rights and obligations of the parties, states:

Broker shall not be liable to Sales Associate for any expenses incurred by him, or for any of his acts, nor shall Sales Associate be liable to Broker for office help or expense, and Sales Associate shall have no authority to bind Broker by any promise or representation, unless specifically authorized in a particular transaction; but expenses for attorney's fees, costs, revenue stamps, title contracts, and the like which must, by reason of some necessity, be paid from the commission, or are incurred in the collection of, or the attempt to collect the commission, shall be paid by the parties in the same proportion as the commission is divided. Suits for com-

missions shall, agreeably to the law, be maintained only in the name of the Broker, and Sales Associate shall be construed to be a subagent only with respect to the clients and customers for whom services shall be performed, and shall otherwise be deemed to be an independent contractor and not a servant, employee or partner of Broker.

On February 25, 1986, Barr was injured when she slipped and fell in a parking lot owned by Fairfax, Ltd. and leased to Town & Country. Barr filed a motion for judgment against Town & Country and others, alleging that her injuries were caused by their negligence. In a motion to dismiss, Town & Country argued that Code § 65.1-4.3 of the Workers' Compensation Act precluded Barr from pursuing any tort action against it. The trial court considered memoranda submitted by counsel and oral argument and granted the motion to dismiss.

Code § 65.1-4, which defines an employee for purposes of the Act, states that "[u]nless the context otherwise requires, 'employee' includes every person . . . in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer." Code § 65.1-4.3, enacted in 1984, states:

> For purposes of this Act, any person who is a licensed real estate salesperson, or a licensed real estate broker associated with a real estate broker, shall not be deemed an "employee" if (i) substantially all of the salesperson's or associated broker's remuneration is derived from real estate commissions, (ii) the services of the salesperson or associated broker are performed under a written contract specifying that the salesperson is an independent contractor, and (iii) such contract includes a provision that the salesperson or associated broker will not be treated as an employee for federal income tax purposes.

We must apply the tests specified in Code § 65.1-4.3 rather than the definition of employee contained in Code § 65.1-4 because established principles of statutory construction require that "when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the lat-

ter prevails." *Virginia Nat. Bank* v. *Harris*, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979).

Barr and Town & Country agree that the contract complies with the tests enumerated in parts (i) and (ii) of Code § 65.1-4.3. They disagree, however, whether the contract complies with part (iii). Barr argues that the phrase "shall otherwise be deemed to be an independent contractor and not a servant, employee or partner of Broker," which is contained in her contract, satisfies the statutory requirement that the contract include a provision that she will not be treated as an employee for federal income tax purposes.

■ We have repeatedly articulated principles of statutory construction that we must apply when a statute, such as Code § 65.1-4.3, is clear and unambiguous.

> While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.

*Watkins* v. *Hall*, 161 Va. 924, 930, 172 S.E. 445, 447 (1934).

Additionally, we must confine our inquiry to the actual words contained in the contract between Barr and Town & Country. We must also assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute. "Courts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be applied. There can be no departure from the words used where the intention is clear." *Anderson* v. *Commonwealth*, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944).

■ We hold that Barr is an employee for purposes of the Workers' Compensation Act because her contract does not contain a provision that she will not be treated as an employee for federal income tax purposes. We decline her invitation to construe the phrase in her contract that she "shall otherwise be deemed to be an independent contractor and not a servant, employee or partner

of Broker" in such a manner as to satisfy the specific and unambiguous language contained in Code § 65.1-4.3.

Barr argues that if her contract does not comply with Code § 65.1-4.3, she is entitled to prove that she is not an employee by relying upon the common law definitions of employee. The trial court correctly rejected Barr's argument. Courts must consider the purpose of a statute and ascertain its effect on the common law. *See Norfolk and W. R. Co.* v. *Prindel*, 82 Va. 122, 130 (1886). We hold that the legislative intent underlying Code § 65.1-4.3 was to provide a uniform standard by which licensed real estate salespersons and brokers could establish that they would not be considered employees for purposes of the Workers' Compensation Act.

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*