160

## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

James Howard
and Roger D. Roberts,
t/a Allstate Bonding Co., et al.

October 12, 1993

Case No. CL92001335

BY JUDGE CLIFFORD R. WECKSTEIN

This appeal from a decision of the General District Court of the City of Roanoke is before me for *de novo* determination upon a written stipulation of facts. Counsel have argued the case orally and by written memoranda of law.

The parties have stipulated that American Bankers Insurance Company of Florida, whose agent is Roger D. Roberts, t/a Allstate Bonding Company, was the surety on the bail bond of a criminal defendant, James Howard. Howard was charged with a felony, possession of cocaine with intent to distribute. On January 24, 1991, Howard failed to appear in the General District Court of the City of Roanoke, thereby violating the conditions of his bond. A capias for his arrest was issued. On August 5, 1991, the bail bond was forfeited, and on October 7, 1991, Roberts paid the bond. On December 12, 1991, on motion of the Commonwealth, the prosecution of Howard was discontinued by *nolle prosequi*; on December 17, the capias for his arrest was accordingly dismissed.

The parties further have stipulated that, after paying the bond, Roberts received a "tip" that Howard might be found in New York City, obtained the name of someone in Hackensack, New Jersey, who might have assisted in locating Howard, and "prepared information to send" to this person. In January of 1992, the written stipulation recites,

"Roberts received information that Howard had been arrested in Roanoke City but under a different name. He was allegedly returned to the state of New York, where he was a fugitive from justice under the arrest name, rather than James Howard." At the time he became aware of these allegations, Roberts went to the General District Court Clerk's office and learned that the underlying charge and the capias had been dismissed. Roberts notes that under Virginia Code § 19.2–143, the surety is entitled to remission of bond forfeiture if a missing defendant appears before, or is delivered to, the trial court within twelve months of the finding of default or if, during the same period, it is brought to the attention of the court that the defendant is incarcerated in another state or country. He asserts that dismissal of the capias for Mr. Howard's arrest deprived the bondsman of the power to take Mr. Howard into custody and deliver him to the court. Speculating that he might have been able to do so but for dismissal of the capias, he argues that he is entitled to remission of the forfeiture since the Commonwealth caused dismissal of the capias. Citing a number of cases, Roberts argues that circumstances within the Commonwealth's control rendered it impossible for him to perform his duty under the bail bond; that he is therefore exonerated from his duty under the bond; and that the forfeiture therefore should be remitted.

There is no suggestion in the written stipulation that there ever was a time when Roberts actually knew where Howard was; there is no suggestion that had he been armed with a capias, Roberts could have delivered Howard to the court in a timely manner; there is no suggestion that Roberts ever initiated affirmative action which, were there an outstanding capias, could have resulted in Howard's delivery to the court; and there is no suggestion that Roberts ever approached the Commonwealth's Attorney, or any law enforcement agency, with the information he believed he had concerning Howard's whereabouts, or with the suggestion that process be issued, for example, for Howard's arrest for the felony of failing to appear to answer a felony charge.

The mere possibility that Roberts could have delivered Howard, had there been an outstanding charge and capias, is by itself an insufficient basis upon which to order remission of the forfeited bond.

More importantly, however, in another piece of litigation effectively between the same parties, the Supreme Court of Virginia has rendered a decision which furnishes the *ratio decidendi* for the case at bar.

In this case, the Commonwealth has argued that the conditions existing at the time of default and forfeiture govern the surety's liability; that subsequent changes of circumstances are, at least in situations like those at bar, irrelevant. The Commonwealth also argues that the terms of the underlying contract between the government and the surety are of paramount importance in the decision of a case like this one. These arguments find support in a recent decision of this state's highest court.

*Commonwealth v. Allstate Bonding Co., et al.*, 246 Va. 189, 435 S.E.2d 396 (1993), was decided while this case was pending. Counsel in the case at bar also were counsel for the same clients in the Virginia Supreme Court, in *Allstate Bonding*. In that case, Chief Justice Carrico wrote:

> [T]he terms of the bonds in question negate any obligation on the Commonwealth's part to provide a surety with notice of a defendant's nonappearance. As part of the conditions of release and recognizance, a defendant promises to appear at a specified time and place and at other times and places to which his case may be rescheduled, continued, transferred, certified, or appealed. These conditions are incorporated by reference into the bond, defining the obligation assumed by the surety.
>
> As part of this obligation, the surety undertakes to guarantee the actual appearance of a defendant when and where his presence is required. Necessarily implicit in that undertaking is the dual burden on the part of the surety of taking some action to secure the defendant's appearance and of ascertaining whether the action was successful. Having failed to satisfy this burden in the present case, the sureties are in no position to complain that the Commonwealth failed to notify them of the defendant's nonappearance.

*Id.* These two paragraphs set forth the Virginia Supreme Court's declaration of a public policy basis upon which the *Allstate Bonding* decision may comfortably rest. The rationale for the *Allstate Bonding* decision compels the conclusion that the public policy of Virginia does not allow remittal of the surety's forfeited bond here, when the surety, having failed to secure the defendant's appearance for trial and having failed to secure his appearance (or ascertain his whereabouts) for six months thereafter, complains that the Commonwealth has discontinued

the underlying prosecution. As in *Allstate Bonding* and based upon the rationale and holding of that case, the surety is "in no position to complain" that the Commonwealth terminated the prosecution and that the capias thereupon was dismissed.

Based upon *Allstate Bonding* and based upon the other authorities cited by the attorney for the Commonwealth (which, I conclude from the *Allstate Bonding* opinion, the Supreme Court would find more persuasive in the case at bar), the Commonwealth correctly argues, on the facts as they are before the court in this case, that the appropriate "measuring dates" are the dates of nonappearance and of forfeiture and the surety is not entitled to return of the forfeited bond because, some time after the forfeiture, the underlying prosecution was discontinued.

Also the surety's argument in the case at bar, if accepted, would effectively add a provision to the provisions of Code § 19.2–143. Roberts argues, in effect, that the bond remission provisions of § 19.2–143 implicitly require that the Commonwealth maintain a prosecution on the pending docket and assure that a capias is outstanding in order to avoid remission of a forfeited bond. I cannot add to the plain language of the statute a requirement which does not appear in the enactment. *See County of Amherst v. Brockman*, 224 Va. 391, 397, 297 S.E.2d 805 (1982) ("[T]he statute does not contain any language restricting its application. The employer would have us read a grace period into the statute . . . . We may not add to a statute language which the legislature has chosen not to include."); *Barr v. Town & Country Properties*, 240 Va. 292, 295, 396 S.E.2d 672 (1990).

For the foregoing reasons, I deny the surety's motion for remission or remittal of the forfeited bond.