## CIRCUIT COURT OF FAIRFAX COUNTY

Horne

v.

Close et al.

April 28, 1995

Case Nos. (Law) 134670 and 134671

BY JUDGE F. BRUCE BACH

This matter comes before the Court on the Defendants' Motion to Dismiss/Plea in Bar to the Plaintiffs' medical malpractice claims. The Motion to Dismiss is granted as to both Plaintiffs for the following reasons.

Virginia Code § 38.2-5008(A)(1) expressly states that, "*[t]he Commission shall determine*, on the basis of the evidence presented to it, the following issues . . . . [w]hether the injury claimed is a birth-related neurological injury as defined in § 38.2-5001 . . . ." (emphasis added). Furthermore, § 38.2-5002(B) provides that, "the rights and remedies herein . . . shall exclude all other rights and remedies of such infant, his personal representative, parents, dependents, or next of kin, at common law or otherwise arising out of or related to a medical malpractice claim with respect to such injury."

The legislature's intention, "must be gathered from the words used . . . ." *Turner v. Wexler*, 244 Va. 124, 127 (1992) *citing Barr v. Town & Country Properties*, 240 Va. 292, 295 (1990). "Where the legislature has used words of a plain and definite import, the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed." *Id.* This Court holds that the legislature's intent is unambiguous on the face of these statutory provisions. Whether a birth-related injury falls within the purview of the act is a question which "shall" be answered by Virginia's Workers' Compensation Commission,

not this Court. Finally, the Act also expressly states that the rights and remedies granted to the infant are exclusive of the parents' rights and remedies. As the mother's claims sound solely in medical negligence and arise out of and are directly related to the infant's claims, the Motion to Dismiss as to the mother's claims is also granted. (*See Motion for Judgment* in Law No. 134670, paragraph 6, *et al.*)