UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Fulton and Causey

JAMELL DEVON DAVIS

v.      Record No. 1296-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 18, 2023

FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
Herbert M. Hewitt, Judge

(Jamell D. Davis, on brief), *pro se*.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

Appellant, Jamell D. Davis, challenges the trial court's order denying his post-conviction

motion for resentencing. He argues that the trial court erred in failing to impose a period of

post-release supervision under Code § 19.2-295.2. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the reasons stated below, we dismiss

the appeal.

BACKGROUND

Davis pleaded guilty to three counts of distributing a Schedule I/II controlled substance,

as third or subsequent offenses. By final order entered on June 28, 2011, the trial court

sentenced him to a total of 60 years' imprisonment, with 45 years suspended. The suspended

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

sentence was conditioned on Davis's good behavior, indefinite supervised probation, and payment of court costs and restitution of $700.

On February 25, 2022, Davis, *pro se*, notarized a motion requesting a hearing to correct the sentencing order. He alleged that under Code § 19.2-295.2 the trial court was required to include a period of post-release supervision but had failed to do so. He asked that the Commonwealth be notified and a hearing be set to address the matter. By order entered on March 7, 2022, the trial court denied the motion. Davis timely noted an appeal of the trial court's order.

ANALYSIS

Whether a circuit court has jurisdiction over a particular matter is a question of law that this Court reviews de novo on appeal. *See Reaves v. Tucker*, 67 Va. App. 719, 727 (2017). "Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). "[F]or a court to have the authority to adjudicate a particular case upon the merits," it must possess subject matter jurisdiction. *Id.*

"Subject matter jurisdiction is the authority vested in a court by constitution or statute to adjudicate certain categories of *disputes*." *Smith v. Commonwealth*, 281 Va. 464, 467 (2011) (emphasis added). The Supreme Court of Virginia has recognized that subject matter jurisdiction "can only be acquired by virtue of the Constitution or of some statute. Neither the consent of the parties, nor waiver, nor acquiescence can confer it." *Pure Presbyterian*, 296 Va. at 49 (quoting *Humphreys v. Commonwealth*, 186 Va. 765, 772 (1947)).

"A circuit court may correct a void or unlawful sentence at any time." *Rawls v. Commonwealth*, 278 Va. 213, 218 (2009). As we understand Davis's argument, he contends that

his sentence was void because the trial court did not impose an additional period of post-release supervision under Code §§ 18.2-10(g) and 19.2-295.2.  We disagree with Davis's analysis.

Code § 18.2-10(g) provides, in relevant part, as follows:

> For any felony offense committed . . . on or after July 1, 2000, [the trial court] shall, *except in cases in which the court orders a suspended term of confinement of at least six months*, impose an additional term of incarceration of not less than six months nor more than three years, which shall be suspended conditioned upon successful completion of a period of post-release supervision pursuant to § 19.2-295.2 and compliance with such other terms as the sentencing court may require.

(Emphasis added).  Code § 19.2-295.2 provides, in pertinent part, as follows:

> At the time the court imposes sentence upon a conviction for any felony offense [it] . . . shall, in addition to any other punishment imposed if such other punishment includes an active term of incarceration in a state or local correctional facility, *except in cases in which the court orders a suspended term of confinement of at least six months*, impose a term of incarceration, in addition to the active term, of not less than six months nor more than three years, as the court may determine.

(Emphasis added).

"Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed." *Hall v. Commonwealth*, 296 Va. 577, 582 (2018) (quoting *Barr v. Town & Country Props., Inc.*, 240 Va. 292, 295 (1990)).  "[T]he plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction." *Id.* (alteration in original) (quoting *Turner v. Commonwealth*, 226 Va. 456, 459 (1983)).

"By its clear terms, [Code § 19.2-295.2] comes into effect only when a judge suspends *less than six months* of a felony sentence." *Alston v. Commonwealth*, 49 Va. App. 115, 125 (2006), *aff'd*, 274 Va. 759 (2007).  Davis "asks this Court to find that the legislature did not intend what it clearly expressed in Code § 19.2-295.2.  This suggestion runs counter to the basic

principles of statutory construction." *Id.* at 126. Thus, we hold that the sentence Davis challenges here was not void or illegal. It follows then that Davis had to show some other basis for invoking the trial court's jurisdiction to reconsider or modify his sentence.

Absent a statutory exception, "[a]ll final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "In a criminal case, the final order is the sentencing order." *Dobson v. Commonwealth*, 76 Va. App. 524, 528 (2023) (quoting *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020)).

One such statutory exception is Code § 19.2-303, which "extends a trial court's jurisdiction beyond the 21 days specified in Rule 1:1 to consider a motion to suspend or modify a criminal sentence." *Id.* at 529. When, as here, the defendant "has been sentenced for a felony to the Department of Corrections," then

> the court that heard the case, if it appears compatible with the
> public interest and there are circumstances in mitigation of the
> offense, may, at any time before the person is transferred to the
> Department, or within 60 days of such transfer, suspend or
> otherwise modify the unserved portion of such a sentence.

Code § 19.2-303. The extension of the circuit court's jurisdiction for "60 days after such transfer" was added by the General Assembly in 2021. 2021 Va. Acts Spec. Sess. I ch. 176; *see Dobson*, 76 Va. App. at 530.[1]

The record indicates that Davis was in the custody of the Department of Corrections (DOC), at the Haynesville Correctional Center, when he filed his notarized February 25, 2022 motion to modify his sentence to include post-release supervision. Moreover, the record indicates that he had been in DOC custody since at least June 2021. For the circuit court to have

---

[1] The 2022 amendment to Code § 19.2-303 did not change the language at issue here. *See* 2022 Va. Acts chs. 41, 42.

had jurisdiction over Davis's motion, he had to show that he filed it no later than 60 days after his transfer to the Department of Corrections. *Dobson*, 76 Va. App. at 531. Based on the record before us, we cannot find "that the [circuit] court had jurisdiction to modify the sentencing order." *Id.* (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 139 (2003)).

A court "always has jurisdiction to determine whether it has subject matter jurisdiction." *Pure Presbyterian*, 296 Va. at 50 (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)). But "[o]nce a court determines that it lacks subject matter jurisdiction, 'the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.* at 50 (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)). Because the trial court lacked jurisdiction to consider Davis's motion to modify his sentence, "we lack jurisdiction to consider his appeal regarding the denial of that motion." *Minor v. Commonwealth*, 66 Va. App. 728, 743 (2016).

## CONCLUSION

The trial court lacked subject-matter jurisdiction to grant the relief Davis sought. Accordingly, the appeal is dismissed and the case is remanded to the circuit court with instructions to vacate the March 7, 2022 order and dismiss Davis's motion.

*Dismissed.*