PRESENT:  All the Justices

COMMONWEALTH OF VIRGINIA

                                                  OPINION BY
v.  Record No. 230127                 JUSTICE TERESA M. CHAFIN
                                       DECEMBER 14, 2023

EMILY KATHERINE DELAUNE

FROM THE COURT OF APPEALS OF VIRGINIA

This case centers on the application and interpretation of Code § 19.2-306.1, a statute enacted in 2021 that addresses the range of punishment a court may impose upon the revocation of a suspended sentence.  For the following reasons, we affirm the judgment of the Court of Appeals.

I.

In 2019, Emily Katherine Delaune was convicted of three drug offenses.  The Circuit Court of the City of Virginia Beach sentenced Delaune to six years of incarceration and suspended four years of the sentence.  The circuit court placed Delaune on supervised probation following her incarceration and ordered her to comply with "all the rules, terms and requirements set by the probation officer."  The circuit court also ordered Delaune to "remain drug free."

After Delaune was released from incarceration, she overdosed on cocaine and fentanyl.  Delaune's probation officer submitted a major violation report based on Delaune's drug use.  The circuit court issued a capias for Delaune's arrest on November 20, 2020, and Delaune was arrested on February 1, 2021.

On March 29, 2021, Delaune failed a drug test for amphetamines.  Delaune subsequently absconded from supervision.  The circuit court issued another capias for Delaune's arrest on May 17, 2021, and Delaune was arrested for a second time on September 3, 2021.

While Delaune's probation revocation proceedings were pending, the General Assembly enacted Code § 19.2-306.1. *See* 2021 Acts ch. 538 (Spec. Sess. I). This statute became effective on July 1, 2021. In pertinent part, Code § 19.2-306.1 limits the range of punishment that a court may impose upon the revocation of a suspended sentence—particularly when an individual commits one of several statutorily enumerated "technical violations." *See* Code § 19.2-306.1(B) and (C).

Delaune's sentencing guidelines were prepared pursuant to Code § 19.2-306.1. The guidelines indicated that Delaune committed technical violations when she used controlled substances and absconded from supervision. The guidelines also noted that Delaune violated the special condition of probation and suspension that required Delaune to remain "drug free."

At the probation revocation hearing, Delaune conceded that she violated the terms of her probation and suspended sentence. Delaune, however, emphasized that she committed technical violations defined in Code § 19.2-306.1. As absconding is classified as a second technical violation under Code § 19.2-306.1(C), Delaune maintained that the circuit court could only impose a maximum of 14 days of active incarceration based on her conduct.

Although the Commonwealth's Attorney acknowledged that there was some uncertainty concerning the provisions of Code § 19.2-306.1, he agreed with Delaune's interpretation of the statute. The Commonwealth's Attorney explained that he intentionally proceeded in a manner that would bring the interpretation of the statute before the circuit court.

The circuit court rejected the parties' interpretation of Code § 19.2-306.1. While the circuit court acknowledged that Delaune's drug use constituted a technical violation under Code § 19.2-306.1, the circuit court observed that Delaune's drug use also violated the special condition that required Delaune to remain "drug free." The circuit court concluded that Code

2

§ 19.2-306.1 did not limit its discretion to impose a term of active incarceration under these circumstances.

The circuit court revoked Delaune's suspended sentence, ordered her to serve 60 days of active incarceration, and resuspended the remainder of the sentence. Delaune appealed the circuit court's judgment to the Court of Appeals. On appeal, Delaune argued that Code § 19.2-306.1 barred the circuit court from imposing more than 14 days of active incarceration based on her technical violations.

In response, the Attorney General asserted that Code § 19.2-306.1 did not retroactively apply to Delaune's probation violations. The Attorney General noted that Delaune's probation violations occurred, and her probation revocation proceedings commenced, before Code § 19.2-306.1 became effective on July 1, 2021.

The Attorney General maintained that the Commonwealth's Attorney did not affirmatively elect to proceed under Code § 19.2-306.1 during the probation revocation hearing. Moreover, the Attorney General argued that the Commonwealth was not bound by the Commonwealth's Attorney's statements concerning the application and interpretation of Code § 19.2-306.1.

Addressing Delaune's substantive argument, the Attorney General asserted that the circuit court could revoke Delaune's suspended sentence and impose 60 days of active incarceration based on Delaune's drug use. The Attorney General argued that Code § 19.2-306.1 does not limit a court's authority to impose a term of active incarceration when an individual violates a special condition of probation and suspension.

Upon review, the Court of Appeals acknowledged that Code § 19.2-306.1 does not retroactively apply to probation violations committed before July 1, 2021. *Delaune v.*

3

*Commonwealth*, 76 Va. App. 372, 378 (2023). The Court of Appeals, however, observed that

Code § 1-239 permits the parties in a criminal proceeding to agree to apply a newly enacted,

nonretroactive statute that imposes a mitigated penalty. *Id.* at 378-79. Based on the parties'

conduct during Delaune's probation revocation hearing, the Court of Appeals determined that the

parties implicitly agreed to proceed under Code § 19.2-306.1. *Id.* The Court of Appeals also

held that the Attorney General was bound by this agreement on appeal. *Id.* at 379-80.

Citing the pertinent provisions of the statute, the Court of Appeals explained that Code

§ 19.2-306.1 prohibits a court from imposing a term of active incarceration following a first

technical violation. *Id.* at 382. The Court of Appeals noted that the use of a controlled substance

is an enumerated technical violation set forth in Code § 19.2-306.1(A). *Id.* at 383. Therefore,

the Court of Appeals determined that the circuit court could not impose an active term of

incarceration based on Delaune's drug use—notwithstanding the special condition that required

Delaune to remain "drug free." *Id.* at 382-83.

The Court of Appeals explained that Code § 19.2-306.1 "focuses on the underlying

violation conduct itself, not the particular language or label a trial court may have used in

imposing a condition of probation." *Id.* at 383. The Court of Appeals concluded that "[w]hen

the violation conduct matches the conduct listed in Code § 19.2-306.1(A), it is, by definition, a

'technical violation.'" *Id.*

As Delaune's absconding violation is automatically classified as a second technical

violation under Code § 19.2-306.1(C), the Court of Appeals determined that the circuit court

could only impose up to 14 days of active incarceration in this case. *Id.* Accordingly, the Court

of Appeals held that the circuit court erred when it ordered Delaune to serve 60 days of active

incarceration. *Id.* The Court of Appeals reversed the judgment of the circuit court and remanded

4

the case for the imposition of a new punishment consistent with the requirements of Code § 19.2-306.1. *Id.* This appeal followed.

## II.

Arguing on behalf of the Commonwealth, the Attorney General contends that Code § 19.2-306.1 did not retroactively apply to Delaune's probation violations. The Attorney General maintains that the Commonwealth's Attorney never affirmatively agreed to apply Code § 19.2-306.1 in this case. Furthermore, the Attorney General claims that it should not be bound by the Commonwealth's Attorney's statements concerning the application and interpretation of the statute.

Additionally, the Attorney General argues that Code § 19.2-306.1 does not bar a court from imposing a term of active incarceration when an individual violates a special condition of probation and suspension. As Delaune violated the special condition that required her to remain "drug free," the Attorney General contends that the circuit court could impose 60 days of active incarceration upon the revocation of Delaune's suspended sentence.

## A.

In general, the law of the Commonwealth disfavors the retroactive application of statutes. *See, e.g.*, *City of Charlottesville v. Payne*, 299 Va. 515, 528 (2021). "Unless a contrary intent is manifest beyond reasonable question on the face of an enactment, a statute is construed to operate prospectively only." *Id.* at 530.

As observed by the Court of Appeals, Code § 1-239 permits the parties in a criminal case to agree to proceed under a new, nonretroactive statute in certain circumstances. In its entirety, Code § 1-239 states:

> No new act of the General Assembly shall be construed to repeal a
> former law, as to any offense committed against the former law, or

> as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new act of the General Assembly takes effect; except that the proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings; and *if any penalty, forfeiture, or punishment be mitigated by any provision of the new act of the General Assembly, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new act of the General Assembly takes effect.*

(Emphasis added.)

Applying a statutory predecessor of Code § 1-239, we have explained that the "penalty in existence at the time of the offense should be applied unless the Commonwealth first elects to proceed under [a] new statute and obtains the consent of the defendant to do so." *Ruplenas v. Commonwealth*, 221 Va. 972, 978 (1981). "[B]efore a new penalty may be imposed the Commonwealth must first elect to proceed under the new law and then the defendant, as the party affected, must consent to its application. Without the concurrence of both parties the previous penalty must apply." *Id.* at 977.

In the present case, the parties did not expressly address the provisions of Code § 1-239 or the retroactive application of Code § 19.2-306.1. Moreover, the Commonwealth's Attorney never explicitly stated that the Commonwealth had elected to proceed under Code § 19.2-306.1. Nonetheless, the record establishes that the parties implicitly agreed to proceed under Code § 19.2-306.1 during Delaune's probation revocation hearing.

Code § 1-239 simply requires the parties' "consent" to the application of a new mitigating statute. *See* Code § 1-239. We have never required such consent to be memorialized in a written document or orally stated on the record. In certain cases, the conduct of the parties

6

may definitively establish that they have agreed to apply a new mitigating statute in a criminal proceeding—even when they have failed to explicitly address their election to do so.

At Delaune's probation revocation hearing, the Commonwealth's Attorney explained that he had purposefully proceeded in a manner that brought the interpretation of Code § 19.2-306.1 before the circuit court. Significantly, the Commonwealth's Attorney never objected to the application of the statute. The Commonwealth's Attorney presented sentencing guidelines to the circuit court that applied Code § 19.2-306.1. Furthermore, the Commonwealth's Attorney agreed with Delaune's interpretation of the pertinent provisions of the statute. Under these circumstances, it is clear that the Commonwealth's Attorney consented to the application of Code § 19.2-306.1 in the probation revocation proceedings.

We acknowledge that the Attorney General is rarely bound by the legal positions of a Commonwealth's Attorney. The Attorney General and the Commonwealth's Attorney are "separate constitutional officers and are entitled to their separate opinions." *In re Brown*, 295 Va. 202, 225 (2018). Therefore, the Attorney General "may not be estopped from repudiating [an] earlier position erroneously taken by the Commonwealth's Attorney." *In re Commonwealth*, 222 Va. 454, 465 (1981).

In the present case, however, we conclude that the Attorney General is bound by the Commonwealth's Attorney's agreement to proceed under Code § 19.2-306.1. When a Commonwealth's Attorney elects to apply a new, mitigating statute in a criminal proceeding, the Attorney General may not challenge that election on appeal by arguing that the statute at issue only applies prospectively. Otherwise, the Attorney General would effectively be permitted to set aside any election made pursuant to Code § 1-239. Our holding concerning this issue is narrow, and it should not be extended beyond the scenario presented in this case.

7

The record establishes that the parties agreed to apply Code § 19.2-306.1 during Delaune's probation revocation hearing, as permitted by Code § 1-239. Accordingly, we turn to the interpretation of the pertinent provisions of Code § 19.2-306.1.

B.

Matters of statutory interpretation present pure questions of law, which are reviewed de novo on appeal. *See, e.g.*, *City of Charlottesville*, 299 Va. at 527. "[W]e are bound by 'the plain language of a statute unless the terms are ambiguous or applying the plain language would lead to an absurd result.'"[1] *Id.* (quoting *Boynton v. Kilgore*, 271 Va. 220, 227 (2006)). "[O]ur primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Cuccinelli v. Rector & Visitors of Univ. of Va.*, 283 Va. 420, 425 (2012) (quoting *Commonwealth v. Amerson*, 281 Va. 414, 418 (2011)). "[T]he plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow or strained construction." *City of Charlottesville*, 299 Va. at 527 (quoting *Vollin v. Arlington Cnty. Electoral Bd.*, 216 Va. 674, 679 (1976)).

"[W]e must . . . assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." *Supinger v. Stakes*, 255 Va. 198, 206 (1998) (quoting *Barr v. Town & Country Props., Inc.*, 240 Va. 292, 295 (1990)). "Any 'judgment as to the wisdom and propriety of a statute is within the legislative prerogative.'" *Id.* at 202 (quoting *Blue Cross of Va. v. Commonwealth*, 221 Va. 349, 358 (1980)).

---

[1] "An absurd result describes an interpretation that results in the statute being internally inconsistent or otherwise incapable of operation." *City of Charlottesville*, 299 Va. at 532.

In 2021, the General Assembly enacted Code § 19.2-306.1 to address the range of punishment that a court may impose upon the revocation of a suspended sentence. *See generally* 2021 Acts ch. 538 (Spec. Sess. I). As observed by the Court of Appeals, Code § 19.2-306.1 establishes "two tiers" of violations: (1) technical violations (i.e., violations that are based on statutorily enumerated conduct), and (2) non-technical violations (i.e., violations that are based on other conduct). *Delaune*, 76 Va. App. at 381. Code § 19.2-306.1 places specific limitations on the punishment that a court may impose when it revokes a suspended sentence based on one of the technical violations expressly enumerated in the statute. *See* Code § 19.2-306.1(C).

Code § 19.2-306.1(A) defines ten technical violations of probation and suspension, two of which are relevant in this case. An individual commits a technical violation when he fails to "refrain from the use, possession, or distribution of controlled substances or related paraphernalia." Code § 19.2-306.1(A)(vii). An individual also commits a technical violation when he fails to "maintain contact with the probation officer whereby his whereabouts are no longer known to the probation officer." Code § 19.2-306.1(A)(x). Pursuant to Code § 19.2-306.1(A), "[m]ultiple technical violations . . . considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing."

A court may not impose a term of active incarceration based on a first technical violation. Code § 19.2-306.1(C). Moreover, there is a statutory presumption against the imposition of a term of active incarceration based on a second technical violation. *Id.* A court, however, may impose a maximum term of 14 days of active incarceration following a second technical violation "if the court finds, by a preponderance of the evidence, that the defendant . . . cannot be safely diverted from active incarceration through less restrictive means." *Id.* Code

§ 19.2-306.1(C) classifies an absconding violation (as defined in Code § 19.2-306.1(A)(x)) as a second technical violation.[2] *Id.*

Code § 19.2-306.1(B) addresses the punishment that a court may impose following a non-technical violation. In its entirety, Code § 19.2-306.1(B) states:

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, or has violated another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction, then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Significantly, Code § 19.2-306.1(B) permits a court to impose a term of active incarceration when an individual violates "another condition"—i.e., a special condition of probation and suspension. The violation at issue, however, must be distinct from the technical violations enumerated in Code § 19.2-306.1(A). Under the terms of the statute, an individual must violate "another condition other than . . . a technical violation." Code § 19.2-306.1(B).

When a violation is based on conduct that specifically matches one of the enumerated technical violations set forth in Code § 19.2-306.1(A), a court's authority to impose a term of active incarceration is limited by the pertinent provisions of Code § 19.2-306.1. In such a scenario, an individual has committed a technical violation—notwithstanding his violation of a special condition that prohibits the same conduct.[3]

---

[2] It is worth noting that the limitations set forth in Code § 19.2-306.1 only apply to first and second technical violations. A court "may impose whatever sentence might have been originally imposed for a third or subsequent technical violation." Code § 19.2-306.1(C).

[3] In order for the violation of "another condition" to fall outside of the sentencing limitations that apply to technical violations under Code § 19.2-306.1, the condition at issue must relate to conduct that is wholly independent of the technical violations listed in Code § 19.2-306.1(A), *see, e.g.*, *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 190-94 (2023)

We recognize that a sentencing court has broad discretion to impose reasonable special conditions of probation and suspension that are tailored to the unique circumstances of a case. *See, e.g.*, *Du v. Commonwealth*, 292 Va. 555, 564 (2016). "Absent an alleged statutory or constitutional violation, '[t]he sole statutory limitation placed upon a trial court's discretion in its determination of such conditions is one of reasonableness.'" *Id.* at 563 (quoting *Anderson v. Commonwealth*, 256 Va. 580, 585 (1998)). "Probation conditions must be reasonable in light of the nature of the offense, the defendant's background, and the surrounding circumstances." *Murry v. Commonwealth*, 288 Va. 117, 122 (2014).

"Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Du*, 292 Va. at 563. We have consistently held that the "revocation of a suspended sentence lies in the discretion of the trial court and that this discretion is quite broad." *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 326 (1976)). "[T]he probation statutes 'afford to trial courts a valuable means of bringing about the rehabilitation of offenders against the criminal laws.'" *Rease v. Commonwealth*, 227 Va. 289, 294 (1984) (quoting *Dyke v. Commonwealth*, 193 Va. 478, 484 (1952)). Accordingly, the "power of the court to revoke for breach of the terms and conditions of probation should not be restricted beyond the limitations fixed by the statutes." *Id.*

---

(holding that a condition prohibiting the appellant from contacting his victim represented "another condition" because it was not listed in Code § 19.2-306.1(A)), or, to the extent that the condition is related to conduct that might constitute a technical violation, the condition must place greater restrictions on the conduct than the technical violations defined in Code § 19.2-306.1(A), *see, e.g.*, *Thomas v. Commonwealth*, 77 Va. App. 613, 625-26 (2023) (holding that the violation of a condition prohibiting the appellant from using *any* alcohol was not a technical violation because the condition was more restrictive than the alcohol prohibition found in Code § 19.2-306.1(A)(vi), which prohibits the "the use of alcoholic beverages" only "to the extent that it disrupts or interferes with . . . employment or orderly conduct").

11

In many cases, it is entirely reasonable for a sentencing court to impose a special condition of probation and suspension that requires an individual to remain "drug free." Such a condition may address a critical component of rehabilitation, especially in cases where an individual is struggling with an addiction to controlled substances.

When an individual violates a special condition that requires him to remain "drug free," a brief period of incarceration may be essential to help that individual stop the downward spiral of addiction—it may even save his life. Nevertheless, Code § 19.2-306.1 prohibits the imposition of a term of active incarceration based on a first technical violation for drug use. *See* Code § 19.2-306.1(A) and (C). As previously noted, it is not our place to judge the "wisdom and propriety" of the pertinent provisions of Code § 19.2-306.1. *See Supinger*, 255 Va. at 202. That task is left to the General Assembly. *See id.*

In the present case, Delaune violated the terms of her probation and suspended sentence when she used drugs and absconded from supervision. As the use of a controlled substance is defined as a technical violation in Code § 19.2-306.1(A), Delaune's drug use constituted a technical violation under the statute. Therefore, the circuit court could not impose a term of active incarceration based on this violation. *See* Code § 19.2-306.1(C). As Delaune's absconding violation is automatically classified as a second technical violation under Code § 19.2-306.1(A), the circuit court could impose a maximum of 14 days of active incarceration based on this violation. *See id.* Accordingly, the circuit court erred when it ordered Delaune to serve 60 days of active incarceration in this case.

III.

For the reasons stated, we affirm the judgment of the Court of Appeals.

*Affirmed.*