# COURT OF APPEALS OF VIRGINIA

## Record No. 0162-25-2

ROBERT L. VAUGHN, JR.

v.

ISAM FARHAT

Present: Chief Judge Decker, Judges Malveaux and Duffan

Argued at Richmond, Virginia

Opinion Issued April 21, 2026

### FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
J. Bruce Strickland, Judge

Robert L. Vaughn, Jr. (The Vaughn Law Firm PLC, on brief), *pro se.*

No brief or argument for appellee Isam Farhat.

### PUBLISHED OPINION BY
### JUDGE MARY BENNETT MALVEAUX

Robert L. Vaughn, Jr. obtained a judgment against Isam Farhat. To enforce the judgment, Vaughn filed an application for a charging order, pursuant to Code § 13.1-1041.1, requesting that the circuit court impose liens in favor of Vaughn on Farhat's interests in several single-member limited liability companies ("LLCs") and foreclose on those interests subject to the charging order. The court entered the charging order but declined to foreclose on those interests. Vaughn appeals, arguing that the circuit court erred by declining to foreclose on Farhat's interests in the single-member LLCs. Finding no error, we affirm.

### BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

*Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Vaughn filed a complaint against Farhat alleging fraud in the inducement, actual fraud, breach of contract, and failure to repay a loan. Vaughn alleged the following facts in his complaint. He hired Farhat to build a house that would take eight to nine months to complete. Farhat represented to Vaughn that he was a licensed contractor in Virginia with years of experience. Vaughn made initial payments on the project, and construction began in December 2022. Although Vaughn requested invoices and receipts for materials and labor payments as the project proceeded, Farhat did not provide any.

By February 2024, Vaughn had paid Farhat over $1 million, but the project remained unfinished. Based on a hand-written itemization prepared by Farhat, the two entered into an agreement where Vaughn paid Farhat an additional $200,000 for completion of the house within two months. The deadline for completion passed without delivery of materials or completion of construction. When Vaughn contacted the materials suppliers directly, he discovered that Farhat never placed several of the orders that he told Vaughn he had paid for. The company Farhat paid for pool materials apparently did not exist. Vaughn's complaint also stated that Farhat did not have a contractor's license. Vaughn sought $2,000,000 in compensatory damages and $350,000 in punitive damages against Farhat.

Farhat filed an answer, which Vaughn moved the court to strike as a general denial. The court granted Farhat additional time to secure an attorney and file a proper answer, but Farhat did not file another answer. The court granted Vaughn's motion to strike and found Farhat liable for actual fraud and fraud in the inducement.

The court later granted Vaughn's motion for Rule 4:12 sanctions and barred Farhat from opposing Vaughn's claims for damages. The court then entered a final order awarding Vaughn judgment in the amount of $6,350,000.[1]

Vaughn filed an application for a charging order requesting that the court impose liens on Farhat's transferable interest in three LLCs: Farhat Group LLC; IF&MM LLC; and Family Traditions Auto Repair LLC. Farhat is the sole member of Farhat Group, LLC, but he shares membership with another person in the other two LLCs. Vaughn further requested that the court "foreclose" on Farhat's interests in each of the LLCs. He specifically stated, "Farhat's interest therein should be foreclosed upon by directing that the Sheriff . . . conduct a public auction of Farhat's interest in the aforesaid entities following the notice and advertising provisions of Va. Code § 8.01-492 applicable to the sale of property of judgment debtors." During the course of proceedings, Vaughn filed a supplemental application for a charging order requesting that the court impose a lien on Farhat's interest in Oak Grove Towing LLC, another LLC in which Farhat is the sole member.

After a hearing, the court entered a charging order imposing liens on Farhat's interests in the four LLCs. The court ordered Farhat to pay Vaughn "any and all rent, payments, distributions, or any other consideration of any kind or character" from his interests in the LLCs, along with "any compensation, monies, cash, or other renumeration [sic] for his interest[s]." The court, however, declined to foreclose on Farhat's interests in the entities.

---

[1] Pursuant to Code § 59.1-204(A) of the Virginia Consumer Protection Act, the circuit court trebled its $2 million compensatory damages award based on the willfulness of Farhat's actions. It also awarded Vaughn $350,000 in punitive damages.

ANALYSIS

Vaughn argues that the circuit court erred by declining to foreclose on Farhat's interests in Farhat Group LLC and Oak Grove Towing LLC, the single member LLCs, because it misinterpreted and misapplied Code § 13.1-1041.1.

A circuit court's interpretation of a statute presents a question of law, which we review de novo. *Emmanuel Worship Ctr. v. City of Petersburg*, 300 Va. 393, 398 (2022). "Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed." *Barr v. Town & Country Props., Inc.*, 240 Va. 292, 295 (1990) (quoting *Watkins v. Hall*, 161 Va. 924, 930 (1934)). "[W]e must assume that the General Assembly chose, with care, the words it used in enacting the statute, and we are bound by those words when we apply the statute." *Halifax Corp. v. First Union Nat'l Bank*, 262 Va. 91, 100 (2001) (quoting *Barr*, 240 Va. at 295). "[W]e determine the legislative intent from the words used in the statute, applying the plain meaning of the words unless they are ambiguous or would lead to an absurd result." *Syed v. ZH Techs., Inc.*, 280 Va. 58, 69 (2010) (quoting *Wright v. Commonwealth*, 278 Va. 754, 759 (2009)). Further, "we are not free to add [to] language, nor to ignore language, contained in statutes." *BBF, Inc. v. Alstom Power, Inc.*, 274 Va. 326, 331 (2007) (alteration in original) (quoting *SIGNAL Corp. v. Keane Fed. Sys., Inc.*, 265 Va. 38, 46 (2003)).

Code § 13.1-1041.1(A) provides that to satisfy a judgment, a judgment creditor may file an application for a court to charge the transferable interest of a judgment debtor in an LLC. "A charging order constitutes a lien on the judgment debtor's transferable interest in the [LLC]." Code § 13.1-1041.1(B). The transferable interest of a member in an LLC is "the member's share of the profits and losses of the [LLC] and the member's right to receive distributions." Code § 13.1-1038. "To the extent so charged, the judgment creditor has *only* the right to receive any distribution or

distributions to which the judgment debtor would otherwise have been entitled in respect of the interest." Code § 13.1-1041.1(A) (emphasis added). Further, the "entry of a charging order is *the exclusive remedy* by which a judgment creditor of a member or of a member's assignee may satisfy a judgment out of the judgment debtor's transferable interest in the [LLC]." Code § 13.1-1041.1(D) (emphasis added). And a judgment creditor does not have the "right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the [LLC]." Code § 13.1-1041.1(E).

In arguing that the circuit court erred by declining to foreclose on Farhat's interests in the single-member LLCs, Vaughn asserts that Code § 13.1-1041.1 only governs "the imposition of a charging order" and does not expressly prohibit a creditor from "collecting its judgment by a judgment debtor who holds his assets in the form of a single member limited liability company." He maintains that courts would create an "asset protection device" by refusing to foreclose on a judgment debtor's interest pursuant to a charging order, as a judgment debtor could hold all of their assets in an LLC without ever intending to generate income and make any distributions. Vaughn compares the transferable interest in an LLC to other intangible assets that can be levied upon pursuant to bankruptcy and judgment execution procedures, and he claims that courts should similarly be able to foreclose on a transferable interest in an LLC by a charging order.

The plain language of the statute refutes Vaughn's interpretation.[2] Contrary to his claim that no provision of Virginia law explicitly prohibits foreclosure of an interest subject to a charging order, Code § 13.1-1041.1(A) itself provides that a judgment creditor who obtains a charging order on a judgment debtor's interest in an LLC *only* has the right to distributions the judgment debtor

---

[2] We acknowledge the concerns that Vaughn raises in regard to a court's inability to foreclose on a transferable interest in an LLC by a charging order. But we are unable to rewrite the statute at issue, as our only task here is to interpret its plain language. *See Jackson v. Fid. & Deposit Co.*, 269 Va. 303, 313 (2005) ("Courts are not permitted to rewrite statutes. This is a legislative function." (quoting *Anderson v. Commonwealth*, 182 Va. 560, 566 (1944))).

otherwise would have been entitled to from that interest. Subsection (D) of the statute further states that the entry of the charging order "is the exclusive remedy" by which a creditor may satisfy a judgment out of the debtor's transferable interest in an LLC. To hold that a court may foreclose on the interest would defy the plain meaning of the words in the statute by allowing judgment creditors another means of pursuing the judgment debtor's interest in an LLC.[3]

Vaughn's references to other judgment execution and bankruptcy procedures are unavailing. Code § 13.1-1041.1(D) provides the exclusive remedy a judgment creditor is entitled to when seeking to satisfy a judgment out of the debtor's transferable interest in an LLC, which is the precise issue before this Court. While Vaughn may have other means to satisfy the judgment under other provisions of Virginia law, the only right he has under the charging order is to receive distributions from the LLCs at issue that Farhat otherwise would be entitled to. Accordingly, the circuit court did not err, and we hold that under Code § 13.1-1041.1, courts may not foreclose on a judgment debtor's transferable interest in an LLC pursuant to the entry of a charging order.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[3] Further supporting our analysis, we note that a prior version of the statute explicitly allowed courts to foreclose on an interest subject to a charging order. *See* Code § 13.1-1041.1(B) (Supp. 2004) ("The court may order a foreclosure of the interest subject to the charging order at any time. The purchaser at the foreclosure sale has the rights of an assignee."). The General Assembly amended Code § 13.1-1041.1 in 2006 and omitted this language. *See* 2006 Va. Acts ch. 912 (deleting language authorizing foreclosure). "When a statute or a group of statutes has been revised, and the General Assembly has omitted provisions formerly enacted, the parts omitted may not be revived by construction, but must be considered as annulled." *Cummings v. Fulghum*, 261 Va. 73, 79 (2001). Accordingly, we assume that the General Assembly intended to remove this foreclosure provision and, therefore, disallow judgment creditors the foreclosure remedy that Vaughn is seeking. We cannot revive the foreclosure provision by reading it back into the statute after it has been removed, and the General Assembly has made the right to distributions the exclusive remedy for judgment creditors who obtain a charging order on a judgment debtor's interest in an LLC.